THE THRIFT, Appellant, *v.* HENRY E. MICHAELIS et al., Defendants, and FREDERICK WAGNER et al., as Executors of and Trustees under the Will cf MARIE WAGNER, Deceased, Respondents.

(Argued May 11, 1932; decided June 2, 1932.)

*Samuel C. Whitman* for appellant. The plaintiff should have been granted subrogation to the three mortgages which it paid and which were prior to the Wagner mortgage. (*Barnes* v. *Mott,* 64 N. Y. 397; *Gans* v. *Thieme,* 93 N. Y. 225; *Zimmerman* v. *Haller,* 91 Misc. Rep. 273; *Clute* v. *Emmerich,* 99 N. Y. 342; *Emigrant Industrial Sav. Bank* v. *Clute,* 33 Hun, 82.)

*Louis J. Halbert* for respondents. There can be no subrogation. (25 R. C. L. 1337, subd. 22; *Barnes* v. *Mott,* 64 N. Y. 397; *Banta* v. *Garmo,* 1 Sandf. Ch. 383;

*Boley* v. *Daniel*, 72 Fla. 121; *Snelling* v. *McIntyre*, 6 Abb. N. C. 469.)

KELLOGG, J. The defendant Henry Michaelis, an owner of real estate, made application to the plaintiff for a loan of $3,500, to be secured by a mortgage upon his premises. The purpose of the application was stated therein to be "for paying off mortgages." Michaelis stated to the plaintiff that there were but three mortgages against his land. The title guarantee company which made a search for the plaintiff reported but three mortgages. Michaelis made an affidavit that there were no other mortgage liens than the mortgages reported. Accordingly, the plaintiff accepted from Michaelis a bond for $3,500, secured by a mortgage upon the premises, and, at the request of Michaelis, paid out the sum of $3,500 to the three mortgagees, whose liens were thereupon discharged and satisfied of record. It turned out that there was a fourth mortgage running to Marie Wagner which had not been recorded when the title company made its search. The existence of this mortgage was never revealed to the plaintiff prior to its acceptance of the $3,500 mortgage and its distribution of the moneys loaned thereupon. The Wagner mortgage, however, was recorded a few days prior to the plaintiff's mortgage. It had been a lien inferior to the three mortgages which were extinguished. Thereafter, through the acts of the plaintiff, performed under mistake due to fraud, it assumed, upon the records, the aspect of a first mortgage; whereas the plaintiff's mortgage appeared as a second mortgage. In this action to foreclose the plaintiff asks to have it declared that it is subrogated to the rights of the three mortgagees, whose liens were satisfied of record; that, as the owner in equity of these mortgages, its lien is superior to that of the Wagner mortgage, and that it is entitled to a decree accordingly.

We think that upon the plainest principles of equity and good conscience, the plaintiff is entitled to the relief prayed for. Under an honest mistake of fact, dishonestly occasioned by a false statement of the mortgagor, it paid off the three prior mortgages, when their assignment to it might have been required. If the cancellations of the three mortgages are permitted to stand, the owners of the Wagner mortgage will be unjustly enriched; if the mortgages are restored to their former record position, those owners will have suffered no disadvantage. We can conceive of no case more worthy of the application of the equitable doctrine of subrogation. In *Barnes* v. *Mott* (64 N. Y. 397, 401) it was held that an owner of premises, who purchased subject to a mortgage, in ignorance of a judgment against a former owner which was subsequent to the mortgage, and paid off the mortgage, might have the lien reinstated. It was said that the owner, " having caused the same to be satisfied under circumstances authorizing an inference of a mistake of fact, equity will presume such mistake and give the party the benefit of the equitable right of subrogation. To do so in this case is to prevent manifest injustice and hardship, and interferes with no superior intervening equities." We perceive no difference in the fact that in the case cited the party paying the mortgage owned the title to the land, whereas, in this case, the party paying is the owner of a lien. Certainly, the plaintiff was in no sense a volunteer. It paid the moneys at the request of the owner; it paid them to become the first lienor, as the parties agreed that it should be.

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment granted in favor of plaintiff for the relief demanded in the complaint, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.