HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* EDWARD J. TOBIN, an Incompetent Person, and Others, Defendants.

Supreme Court, Queens County, October 15, 1940.

*Henry H. Ehrlich*, for the plaintiff.

*Leonard Horn*, special guardian for the incompetent defendant.

STEINBRINK, J. Plaintiff moves for summary judgment in an action to revive a mortgage, to be subrogated to the rights of the mortgagee thereunder, and to foreclose it. The pertinent facts, as they appear in the complaint, are as follows: On October 26, 1934, the defendant Edward Tobin and Margaret Tobin, his wife, executed and delivered to the plaintiff a bond in the sum of $3,079.75, secured by a mortgage covering premises the record title of which was in the name of Margaret Tobin, she having obtained a deed of conveyance from her husband on December 14, 1933; that prior to the delivery of the foregoing mortgage the premises were subject to a mortgage in the sum of $3,000 and to certain land taxes and assessments; that prior to the delivery of the mortgage given to the plaintiff, the defendant Edward Tobin and Margaret Tobin applied to the plaintiff for a loan for the purpose of satisfying the foregoing liens; that the plaintiff, relying upon said representations and without knowledge of the incompetency of Edward Tobin, advanced the sum of $3,079.75, which was used to satisfy the existing mortgage and the tax and assessment liens and to discharge them of record; and that by reason of the foregoing the plaintiff became subrogated to all of the rights and priorities of the holder of the former mortgage which had been satisfied and discharged of record.

The special guardian's affidavit submitted in opposition to the motion merely recites that the mortgage executed by the Tobins is void by reason of the fact that it was executed after Edward Tobin's incompetency had been judicially declared. The special guardian does not deny that the moneys advanced by the plaintiff at the request of the Tobins were applied in satisfaction of the former mortgage, nor does he deny that at the time of such advance the plaintiff had no knowledge of Edward Tobin's incompetency. There is no question concerning the invalidity of the mortgage held by the plaintiff. The action is predicated upon plaintiff's concession that it is void. What it seeks by this action is not enforcement of a void mortgage but subrogation to the rights of the holder of the former mortgage which had been satisfied and discharged of record.

Under an honest mistake of fact in reliance upon the record title and pursuant to the request of the record owner, the plaintiff paid off the former mortgage. The plaintiff applied the proceeds of its loan in satisfaction of the former mortgage in order to become the first lienor. If the discharge of this prior mortgage is permitted to stand, the Tobins will be unjustly enriched and the plaintiff will be left without any security for its loan.

Upon the plainest principles of equity and good conscience the plaintiff is entitled to the relief prayed for. (*The Thrift* v. *Michaelis*, 259 N. Y. 302, 304.)

The motion is accordingly granted.