■ ROSE KING, Appellant, v. JOSEPH PELKOFSKI, Defendant, and GENEVIEVE PELKOFSKI et al., Respondents.— In an action to foreclose a mortgage on real property and to foreclose a chattel mortgage given as additional security against certain chattels located in the building on the premises, the plaintiff appeals from an order and judgment of the Supreme Court, Suffolk County, entered April 27, 1965 upon the court's decision after a nonjury trial, which: (1) directed the entry of judgment in favor of the defendant Genevieve Pelkofski; (2) adjudged that said defendant has an interest in said real property, chattels and fixtures superior to any interest of the plaintiff; and (3) directed that the plaintiff's notice of pendency (as amd.) be cancelled of record. Judgment reversed on the law, without costs, and matter remitted to the Supreme Court, Suffolk County, for the entry of judgment in accordance herewith. The findings of fact are affirmed. In our opinion, the learned Trial Judge properly determined that a valid trust was created by the instrument dated August 4, 1961, and that consequently the defendant Joseph Pelkofski was without power or authority to execute a mortgage on the real property which was the subject of the trust. Although the trust agreement empowered trustee Pelkofski to sell, it was silent as to mortgaging. The law is well settled in New York, as in the great majority of the courts in the United States, that the mere fact that a power of sale is conferred upon the trustee by the trust instrument is not sufficient to confer upon him a power to mortgage (*Bostwick*

v. *Hall,* 191 App. Div. 610; *Potter* v. *Hodgman,* 81 App. Div. 233, affd. 178 N. Y. 580; 2 Scott, Trusts, § 191), except as it may be specifically given by court order or statute. It is our further opinion, however, that, insofar as the proceeds from the loan made by the plaintiff to Mr. Pelkofski and secured by the mortgage in issue were used to satisfy and discharge of record the prior mortgage held by the National Bank of Kings Park and a lien against the subject property, the plaintiff is entitled to be subrogated to the rights of the prior mortgagee under the well-established principle of equitable assignment by subrogation (*Thrift* v. *Michaelis,* 259 N. Y. 302; *Home Owners' Loan Corp.* v. *Tobin,* 175 Misc. 316). The doctrine of equitable subrogation is dependent upon the facts and circumstances of the particular case and is founded upon principles of natural justice and equity (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137). In this case, the interest of the defendant Genevieve Pelkofski in the trust property was subject and subordinate to the mortgage lien of the National Bank of Kings Park. The defendant has no superior intervening equity in the property which would be adversely affected by subrogating plaintiff to the prior mortgagee's rights. Moreover, even though the mortgage executed by Mr. Pelkofski was ineffective for the purpose of security, the proceeds of the loan were used to discharge a prior incumbrance and the plaintiff is entitled to be subrogated to the lien of the incumbrance so discharged (cf. *Ingram* v. *Jones,* 47 F. 2d 135, 140). Equity will preserve for the benefit of the plaintiff the senior incumbrance which she caused to be discharged. Moreover, under the facts here present, which permit of the application of the equitable doctrine of subrogation, we further conclude that the plaintiff is also entitled to a priority for the additional amounts paid out of the mortgage proceeds or otherwise paid by the plaintiff for the real estate taxes which were due and owing on the subject premises and for the fire insurance premiums paid in connection therewith (cf. *3105 Grand Corp.* v. *City of New York,* 288 N. Y. 178). Subrogation is a highly favored remedy and the courts are inclined to extend rather than restrict its application (*Bonham* v. *Coe,* 249 App. Div. 428, affd. 276 N. Y. 540). We would not extend the doctrine, however, to the payment of the two loans which were personal obligations and did not affect the defendant's interest in the real property as created by the trust agreement. Accordingly, it is our opinion that a judgment be entered declaring that the plaintiff has a lien upon the subject premises superior to any right, title or interest of the defendant Genevieve Pelkofski, to the extent that payment has been made to satisfy and discharge the prior mortgage which was held by The National Bank of Kings Park, and to pay the real estate taxes upon the property and the fire insurance premiums thereupon, which amount is to be ascertained at Trial Term; that the premises be sold to satisfy and discharge said lien; and for such other relief to which the plaintiff may be entitled. Brennan, Rabin and Hopkins, JJ., concur; Christ, Acting P. J. and Benjamin, J., concur in part and dissent in part, with the following memorandum: We concur with that part of the majority's holding which gives plaintiff priority over defendant Genevieve Pelkofski to the extent that plaintiff's loan to defendant Joseph Pelkofski was used (a) to satisfy a prior mortgage held by the National Bank of Kings Park, (b) to pay real estate taxes, and (c) to pay fire insurance premiums. But we dissent from that part which refuses to grant a similar priority to plaintiff with respect to the use of the moneys she loaned for the repayment of the $10,195 bank loan and the $15,210 Stoothoff loan, both of which had been made to defendants Joseph Pelkofski and Genevieve Pelkofski jointly. In our opinion, the procurement of the loan from plaintiff in order to pay off all of the above-mentioned obligations was, in effect, a total refinancing of the obligations of both Joseph and Genevieve Pelkofski, with the benefits running to

both of them. That being so, it is illogical and inequitable to deny plaintiff priority over Genevieve Pelkofski with respect to the use of her loan for repayment of the $10,195 bank loan and the $15,210 Stoothoff loan. It is illogical because the doctrine of equitable subrogation, which the majority has correctly applied to the prior mortgage, realty taxes and fire insurance premiums, applies with equal reason and force to the Pelkofskis' joint loans from the bank and Stoothoff, regardless of the fact that they may have been personal in nature. It is inequitable because the result is an unjust enrichment of Genevieve Pelkofski at plaintiff's expense, since it was plaintiff's money that repaid the bank and Stoothoff loans and thus relieved Genevieve Pelkofski of her obligations thereon. For these reasons, we believe plaintiff should be given priority over Genevieve Pelkofski with respect to the bank and Stoothoff loans, as well as the prior mortgage, realty taxes and fire insurance premiums.