■ PAUL ZEIDEL et al., Appellants, v JAMES R. DUNNE et al., Respondents. [626 NYS2d 509] —In an action, *inter alia,* to foreclose a mortgage, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Hart, J.), entered October 5, 1993, which, *inter alia,* granted the motion of the defendant Green Point Savings Bank for summary judgment dismissing the complaint insofar as asserted against it and declared that the mortgage held by the Green Point Savings Bank was superior to the mortgage held by the plaintiffs.

Ordered that the order and judgment is affirmed, with costs.

The Green Point Savings Bank (hereinafter the bank) loaned the defendants James and Natalie Dunne $210,000 which was secured by a mortgage dated December 16, 1987. The mortgage was not recorded until February 10, 1988. Prior to the closing of title to the property on December 16, 1987, a title search revealed four recorded mortgages on the property: a $25,000 mortgage recorded in 1978; a $16,000 mortgage recorded on August 5, 1987, held by the plaintiffs Ronald Hering and Eleanor Gerstenhaber; a $2,500 mortgage recorded on August 26, 1987; and a $225,000 mortgage which was dated December 2, 1986, but which was not recorded until September 1987.

As a condition for the loan, the bank required satisfaction of the four prior mortgages at the time of the closing in order for its mortgage lien to be first in priority. To that end, the bank made payments of approximately $202,000 to satisfy the $25,000 mortgage and the $225,000 mortgage. In addition, the $2,500 mortgage was satisfied on December 3, 1987.

The bank procured a so-called pay-off letter dated December 10, 1987, with respect to the $16,000 Hering-Gerstenhaber

mortgage. The letter, by an attorney who stated that he represented Hering and Gerstenhaber, indicated that a payment of $5,000 would satisfy the mortgage and that a satisfaction of the mortgage had been forwarded to his clients. A satisfaction of this mortgage, dated December 3, 1987, was signed by Hering and Gerstenhaber and was ultimately recorded in September 1988.

The bank commenced an action to foreclose on its mortgage in 1990. The plaintiffs Paul and Sonia Zeidel, Ronald Hering, and Eleanor Gerstenhaber subsequently commenced the instant action to foreclose a mortgage for $55,000 dated December 3, 1987, which they held on the property. The $55,000 mortgage was recorded on January 25, 1988, after the closing of the mortgage held by the bank, but before the bank's mortgage was recorded. Consequently, under New York's race-notice statute (Real Property Law § 291), the plaintiffs' mortgage had priority over the bank's mortgage.

The bank moved for summary judgment dismissing the complaint on the ground that equitable subrogation barred the strict application of Real Property Law § 291. The doctrine of equitable subrogation applies "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (King v Pelkofski, 20 NY2d 326, 333-334; see also, Boston Trade Bank v Kuzon, 154 Misc 2d 217). The bank presented documentary evidence to support its contention that it had caused all the prior mortgages of which it had had notice to be satisfied in order for its mortgage to have first priority and that bank funds had been used to satisfy two of the mortgages.

The plaintiffs contend that equitable subrogation should not be applied because their rights are equal to or superior to those of the bank (see, e.g., Cohn v Rothman-Goodman Mgt. Corp., 155 AD2d 579; Seely's Son v Fulton-Edison, Inc., 52 AD2d 575). We disagree. The plaintiffs' $55,000 mortgage was the fifth mortgage recorded against the property, and it became the first in priority under the race-notice statute (Real Property Law § 291) only because the bank caused the other four mortgages to be satisfied at a cost to the bank of about $202,000. To permit the plaintiffs' $55,000 mortgage to have priority over the bank's mortgage would result in the unjust

enrichment that the doctrine of equitable subrogation was designed to address.

The record fails to support the plaintiffs' contention that the bank, with due diligence, could have discovered the existence of the $55,000 mortgage prior to the closing. There is no dispute that the $55,000 mortgage was not recorded until after the closing on the bank's loan which was secured by the bank's mortgage and the plaintiffs have failed to present proof of any facts which would have put the bank on notice of their mortgage.

The plaintiffs contend that their mortgage should have priority because $16,000 was still owed on the Hering-Gerstenhaber mortgage. Although a satisfaction of the mortgage was filed, they claim that discharge of the $16,000 mortgage was conditioned on its inclusion in the $55,000 mortgage. They contend that the so-called pay-off letter regarding the $16,000 mortgage was not authorized by them. We find that the plaintiffs have failed to present sufficient evidentiary proof to raise a triable issue of fact with respect to these allegations *(cf., Norstar Bank v Morabito,* 201 AD2d 545). The plaintiffs failed to present an affidavit by a party with personal knowledge of the facts in response to the bank's motion for summary judgment. The affirmation of their attorney was clearly insufficient to defeat the bank's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557), and the few deposition excerpts submitted to the court did not provide sufficient factual information to support the plaintiffs' allegations.

Moreover, the so-called pay-off letter issued in connection with the $16,000 mortgage was dated December 10, 1987, after the plaintiffs obtained the $55,000 mortgage. There is no evidence that the bank was ever advised that the plaintiffs Hering and Gerstenhaber did not intend to discharge the $16,000 mortgage. Rather, the pay-off letter stated that a satisfaction of the mortgage had been forwarded to the mortgagees and would be filed with the County Clerk.

The court properly determined that the bank should be subrogated to the rights of the prior mortgagees to the extent that its funds were used to discharge those obligations *(see, King v Pelkofski,* 20 NY2d 326, *supra).* The court found that the funds from the foreclosure sale, which was held pursuant to the bank's foreclosure action, were insufficient to satisfy the bank's mortgage. Accordingly, the plaintiffs' complaint was properly dismissed. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.