■ R.C.P.S. Associates, Appellant-Respondent, v Karam Developers et al., Respondents, and Stillman Development Corp., Respondent-Appellant. (And a Third-Party Action.) [656 NYS2d 666] —In an action to foreclose two mortgages, (1) the plaintiff appeals, as limited by its brief, from so much of an interlocutory order and judgment (one paper) of the Supreme Court, Westchester County (Gurahian, J.H.O.), dated November 4, 1996, as, after a nonjury trial, determined that the mortgages held by the plaintiff were subordinate to the lien of the defendant Stillman Development Corp., and (2) the defendant Stillman Development Corp. cross-appeals, as limited by its notice of cross appeal and brief, from so much of the same interlocutory order and judgment as (a) determined that the plaintiff's mortgages were valid and granted foreclosure and sale on those mortgages, and (b) failed to direct that the mortgaged premises be sold in parcels. The plaintiff's notice of appeal from a decision of the same court, dated November 21, 1995, is deemed a premature notice of appeal from the interlocutory order and judgment (CPLR 5520 [c]).

Ordered that the interlocutory order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The lien held by the defendant Stillman Development Corp. (hereinafter Stillman) against a portion of the mortgaged premises was obtained and recorded prior to the plaintiff's mortgages. The plaintiff, R.C.P.S. Associates (hereinafter R.C.P.S.), contends, however, that its mortgages have priority over the Stillman lien because it is entitled to be subrogated to the rights of a prior purchase-money mortgagee whose lien, which was superior to that of Stillman, was satisfied from the proceeds of the loans by R.C.P.S.

The doctrine of equitable subrogation applies "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (King v Pelkofski, 20 NY2d 326, 333-334; Pawling Sav. Bank v Hunt Props., 225 AD2d 678; Zeidel v Dunne, 215 AD2d 472). The Supreme Court properly concluded that the doctrine of equitable subrogation should not be applied here inasmuch as the evidence established that the plaintiff had knowledge of the Stillman lien (see, Pawling Sav. Bank v Hunt Props., supra; compare, Zeidel v Dunne, supra).

Contrary to the contention of Stillman, the court did not violate RPAPL 1351 by failing to direct that the mortgaged premises be sold in parcels. RPAPL 1351 (1) provides that a judgment of foreclosure and sale may direct the sale of only so much of the mortgaged premises as is sufficient to satisfy the mortgage debt, the expenses of the sale and the costs of the action, and "which may be sold separately without material injury to the parties interested". The court, however, has not yet issued a final judgment of foreclosure and sale. The interlocutory order and judgment merely determined the priorities of the liens and found that the plaintiff was entitled to foreclosure and sale after a reference to compute. If Stillman seeks a provision in the judgment of foreclosure and sale directing the sale in parcels, it should make an appropriate application in the Supreme Court. We note that the record before us is insufficient to determine in what manner the sale should be conducted.

The parties' remaining contentions are without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.