■ JOANNE SORTO et al., Appellants, v SOUTH NASSAU COMMUNITY HOSPITAL et al., Respondents, et al., Defendant. [710 NYS2d 910] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 3, 1999, which granted the motion of the defendants South Nassau Community Hospital, Sabin Manea, and C. Johnson for leave to renew their prior motion to amend their answer to assert the affirmative defense of offset, and upon renewal, granted that motion.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting leave to renew and upon renewal, granting the respondents' motion to amend their answer to assert the affirmative defense of offset of payment by a successive tortfeasor (*see, Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643, 647; *Hill v St. Clare's Hosp.,* 67 NY2d 72, 82-86; *Rosado v Proctor & Schwartz,* 66 NY2d 21, 24-25). Although in support of their motion for leave to renew, the respondents submitted information which was available to them at the time of the original motion, the requirement that a motion for leave to renew based upon newly-discovered facts is a flexible one, and a court may,

in its discretion, grant renewal upon facts known to the moving party at the time of the original motion (see, *Lupoli v Venus Labs.*, 264 AD2d 820; *Gadson v New York City Hous. Auth.*, 263 AD2d 464; *Pepe v Tannenbaum*, 262 AD2d 381; *Vayser v Waldbaum, Inc.*, 225 AD2d 760). Furthermore, because a motion for leave to renew may be made after the time to appeal from the original order has expired (see, *Gillman v O'Connell*, 176 AD2d 305; *Weaver v State of New York*, 112 AD2d 416; *Patterson v Town of Hempstead*, 104 AD2d 975), the respondents' motion was timely. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.