■ ESTHER DAVIDSON-SAKUMA, Appellant, v THEODORE D. SAKUMA, Respondent. [720 NYS2d 798] —In a matrimonial action in which the parties were divorced by judgment dated August 18, 1995, the plaintiff wife appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 25, 1999, which directed a hearing to aid in the disposition of the issue of the parties' child support obligations and determined that the parties properly opted out of the Child Support Standards Act in their stipulation of settlement.

Ordered that the appeal is dismissed, with costs.

The portion of the order that directs a hearing to aid in the disposition of the issue of the parties' child support obligations does not decide the issue and does not affect a substantial right (*see,* CPLR 5701 [a] [2] [v]). Therefore, it is not appealable as of right (*see, Palma v Palma,* 101 AD2d 812). Any party aggrieved by an order entered subsequent to the hearing may take an appeal (*see, Liebling v Yankwitt,* 109 AD2d 780; *Devine*

*v Devine,* 106 AD2d 487; *Astuto v New York Univ. Med. Ctr.,* 97 AD2d 805).

To the extent the plaintiff challenges the Supreme Court's determination that the parties properly opted out of the Child Support Standards Act, she is not aggrieved by this determination, as it is a finding of fact which is not independently appealable (*see, Clark v Weiner,* 254 AD2d 322). There has not yet been a change in the defendant's child support obligation (*see,* CPLR 5511). Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.