■ ROBERT HALLE et al., Respondents, v JOSE FERNANDEZ, Appellant. [729 NYS2d 908] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 14, 2000, which denied his motion to vacate a judgment of the same court, entered September 27, 1999, upon his default in appearing or answering, which was against him and in favor of the plaintiffs in the principal amount of $225,000.

■ ROBERT HALLE et al., Respondents, v JOSE FERNANDEZ, Appellant. [730 NYS2d 126] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 2, 2001, which denied his motion to renew a prior motion to vacate a judgment of the same court, entered September 27, 1999, upon his default in appearing or answering, which had been denied by order of the same court entered February 14, 2000.

Ordered that the order entered January 2, 2001, is reversed, on the law and as a matter of discretion, with costs, the motion is granted, upon renewal, the motion is granted to the extent of vacating the default judgment entered September 27, 1999, the order entered February 14, 2000, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new assessment of damages, to be made after an inquest held upon notice to the defendant.

The plaintiff Carole Coviello allegedly sustained personal injuries when she was attacked by a dog belonging to the defendant, her neighbor. She initially brought an action in the Small Claims part of the City Court of the City of New

Rochelle, but withdrew that action. She and her husband Robert Halle commenced the instant action in the Supreme Court, Westchester County, to recover damages for personal injuries and loss of services.

After the defendant defaulted in appearing or answering, the Supreme Court, *inter alia*, directed an inquest on damages. At the inquest, the plaintiff Carole Coviello admitted that the dog bites did not puncture her skin. She suffered nightmares and insomnia, but first sought medical attention five months after the incident, from her gynecologist, who prescribed antidepressant medication. She was not treated by a psychiatrist. Evidence was also admitted that the defendant's dogs made life unbearable for the plaintiffs, forcing them to sell their home and move away, resulting in an economic loss.

A default judgment was entered against the defendant in the principal sum of $225,000. Thereafter, the defendant moved to vacate his default. In support of his initial motion to vacate, which was denied by order dated February 14, 2000, the defendant noted that the skin of the plaintiff Carole Coviello was not punctured and that she refused medical treatment.

The minutes of the inquest were not available and were not submitted to the Supreme Court until the defendant made the instant motion. The defendant had difficulty in securing those minutes, as the court reporter was no longer employed by the Supreme Court, Westchester County. Indeed, the plaintiffs claim that these minutes are still incomplete. Under the circumstances, we deem it appropriate to exercise our discretion and grant renewal (*see, Sorto v South Nassau Community Hosp.*, 273 AD2d 373; *Flynn v Niagara Univ.*, 198 AD2d 262). Moreover, this Court has the inherent power to set aside excessive awards of damages made upon default (*see, Neuman v Greenblatt*, 260 AD2d 616; *Cervino v Konsker*, 91 AD2d 249).

It is well settled that a default judgment may not award relief of a different kind than that demanded in the complaint (*see, R.D. Smithtown, L. L. C. v Lucille Roberts Figure Salons*, 277 AD2d 439, 440). Since economic loss from the sale of the plaintiffs' home was not pleaded in the complaint, that evidence was improperly admitted at the inquest. Assuming that the Supreme Court considered that evidence, the award was improper. If the evidence was not considered, the award was excessive. There is no justification in this record for an award of $225,000 in damages for personal injuries and loss of services.

Accordingly, the judgment entered on the appellant's default is vacated. The matter is remitted to the Supreme Court for a

new assessment of damages, to be made after an inquest held upon notice to the defendant (see, Smith v Daca Taxi, 202 AD2d 220; Klishwick v Popovicki, 186 AD2d 173). Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.