■ BARRY ROSEN, Respondent-Appellant, v BEATRICE SWARZMAN, Appellant-Respondent. [745 NYS2d 465] —In an action, inter alia, for replevin, the defendant appeals, as limited

by her brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered October 25, 2000, as, in effect, held her motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) in abeyance and directed a hearing to aid in the determination of that motion, and denied her application for the imposition of a sanction pursuant to 22 NYCRR 130-1.1, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for the imposition of a sanction pursuant to 22 NYCRR 130-1.1.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal from so much of the order as, in effect, held the defendant's motion to dismiss the complaint in abeyance, and directed a hearing to aid in the determination of that motion, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The portion of the order directing a hearing to aid in the determination of the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) does not decide the motion and does not affect a substantial right (*see* CPLR 5701 [a] [2] [v]; *Kogler v Nassau County Med. Ctr.,* 289 AD2d 298; *Marine Midland Bank v Rashid,* 259 AD2d 739; *Matter of Town of Babylon v Taxpayer's Recovery Corp.,* 240 AD2d 417). Therefore, it is not appealable as of right, and leave to appeal has not been granted. Any party, however, aggrieved by an order entered subsequent to the hearing may take an appeal (*see Davidson-Sakuma v Sakuma,* 280 AD2d 577).

Contrary to the defendant's contention, the Supreme Court properly exercised its discretion in denying her application for the imposition of a sanction against the plaintiff (*see* 22 NYCRR 130-1.1). Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.