■ LINDA KORNBLUM, Respondent, v MICHAEL KORNBLUM, Defendant. ANDREW BRILLIANT, Nonparty Appellant. (Action

No. 1.) ANDREW BRILLIANT, Appellant, v LINDA GAMPEL KORN-BLUM, Respondent, et al., Defendant. CHRISTOPHER R. WHENT, Nonparty Appellant. (Action No. 2.) [828 NYS2d 402]—In an action for a divorce and ancillary relief (action No. 1), and a related action pursuant to Debtor and Creditor Law article 10 (action No. 2), Andrew Brilliant, a nonparty in action No. 1 and the plaintiff in action No. 2, appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated August 22, 2005, as granted the plaintiff's cross motion in action No. 1, pursuant to 22 NYCRR 130-1.1, for an award of costs and an attorney's fee against him, to the extent of directing a hearing on that issue, (2) from an order of the same court also dated August 22, 2005, which denied his motion to transfer action No. 2 to the IAS Part to which it had initially been assigned and granted the cross motion of the defendant Linda Gampel Kornblum in action No. 2, pursuant to 22 NYCRR 130-1.1, for the imposition of a sanction or the award of an attorney's fee against him and his attorney, Christopher R. Whent, to the extent of directing a hearing on that issue, and (3) from an order of the same court, also dated August 22, 2005, which denied his motion pursuant to CPLR 3126 to strike the answer of the defendant Linda Gampel Kornblum in action No. 2; Andrew Brilliant, a nonparty in action No. 2 and the plaintiff in action No. 1, and Christopher R. Whent, a nonparty in action No. 2, separately appeal from an order of the same court dated January 30, 2006, which, after a hearing, granted the cross motion of the defendant Linda Gampel Kornblum in action No. 2, pursuant to 22 NYCRR 130-1.1, for the imposition of a sanction or the award of an attorney's fee to the extent of directing them to pay to her an attorney's fee in the sum of $10,610.

Ordered that the appeal from the first order dated August 22, 2005 is dismissed; and it is further,

Ordered that the appeal from so much of the second order dated August 22, 2005, as granted the cross motion of the defendant Linda Gampel Kornblum in action No. 2, pursuant to 22 NYCRR 130-1.1, for the imposition of a sanction or the award of an attorney's fee against the plaintiff and his attorney, Christopher R. Whent, to the extent of directing a hearing on that issue, is dismissed; and it is further,

Ordered that the appeal from the third order dated August 22, 2005 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the second order dated August 22, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that the order dated January 30, 2006 is affirmed; and it is further,

Ordered that Linda Gampel Kornblum is awarded one bill of costs.

An order directing a hearing to aid in the determination of a motion does not dispose of the motion and does not affect a substantial right, and therefore is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *see also Berliner v Berliner,* 294 AD2d 524 [2002]; *Davidson-Sakuma v Sakuma,* 280 AD2d 577 [2001]; *Palma v Palma,* 101 AD2d 812 [1984]). Since leave to appeal has not been granted, we dismiss the appeals from the orders directing such hearings.

The appellants' contentions that they did not have adequate notice of the conduct deemed to be frivolous are not properly before this Court since they are raised for the first time on appeal (*see Snyder v Newcomb Oil Co.,* 194 AD2d 53 [1993]). In any event, the appellants were furnished with adequate notice of the complained of frivolous conduct (*see* 22 NYCRR 130-1.1 [d]; *Dellafiora v Dellafiora,* 172 AD2d 715 [1991]).

Contrary to the appellants' further contentions, the Supreme Court providently exercised its discretion in granting the cross motion to impose a sanction pursuant to 22 NYCRR 130-1.1 (*see Schaeffer v Schaeffer,* 294 AD2d 420 [2002]). The appellants "have advanced arguments that appear to be completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law and their conduct throughout this litigation appears to have been intended primarily to harass the defendant" (*Kucker v Kaminsky & Rich,* 7 AD3d 491, 492 [2004] [internal quotation marks omitted]).

Andrew Brilliant's remaining contentions are without merit

Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.