■ BANK ONE, Respondent, v MON LEANG MUI et al., Defendants, and PROVIDENT BANK OF MARYLAND, Respondent. MORGAN STANLEY DEAN WITTER CREDIT CORPORATION, as Servicer for WELLS FARGO BANK MINNESOTA, N.A., Formerly Known as NORWEST BANK MINNESOTA, Nonparty Appellant. [835 NYS2d 585]—

In an action to foreclose a mortgage, Morgan Stanley Dean Witter Credit Corporation, as servicer for Wells Fargo Bank Minnesota, N.A., formerly known as Norwest Bank Minnesota, appeals from an order of the Supreme Court, Queens County

(LeVine, J.), dated November 22, 2005, which denied its motion for leave to renew and reargue that branch of its prior cross motion which was for summary judgment on the affirmative defense of equitable subrogation insofar as asserted by Wells Fargo Bank Minnesota, N.A., formerly known as Norwest Bank Minnesota, which was denied by order of the same court dated September 26, 2005.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the motion which was for leave to renew is granted, upon renewal, so much of the order dated September 26, 2005, as denied that branch of the prior cross motion which was for summary judgment on the affirmative defense of equitable subrogation is vacated, and that branch of the prior cross motion which was for summary judgment on the affirmative defense of equitable subrogation is granted; and it is further,

Ordered that one bill of costs is awarded to the nonparty appellant payable by the plaintiff Bank One and the defendant Provident Bank of Maryland, appearing separately and filing separate briefs.

On or about February 29, 1996 the predecessor in interest of the defendant Provident Bank of Maryland (hereinafter Provident) extended a loan in the principal amount of $147,847 to the defendant Mon Leang Mui (hereinafter Mui) in exchange for a mortgage on his property located at 151-15 25th Drive in Whitestone. The respective note and mortgage were subsequently assigned to Provident. On or about March 1, 1996 the predecessor in interest of the plaintiff Bank One extended a loan in the amount of $296,000 to Mui in exchange for a mortgage on the subject property. Shortly thereafter, Bank One contended that Mui drew the sum of $169,258.76 from the Bank One mortgage loan in the form of a check and advanced it to satisfy a mortgage senior to the Provident mortgage. On March 21, 1996 the Provident mortgage was recorded. On or about April 18, 1996 the predecessor in interest of Wells Fargo Bank Minnesota, N.A., formerly known as Norwest Bank Minnesota (hereinafter Norwest) extended a loan in the amount of $352,500 to Mui in exchange for a mortgage on the subject property. Sometime between April 18, 1996 and April 24, 1996 Mui allegedly drew $76,892.80 from the Norwest mortgage loan in the form of a check and advanced it to satisfy a mortgage senior

to all other mortgages. On April 24, 1996 Bank One recorded its mortgage. On May 7, 1996 Norwest recorded its mortgage. Following Mui's default on the three separate mortgages, the mortgagees commenced three separate foreclosure actions which were joined for trial, but not consolidated.

In the instant action commenced by Bank One, the nonparty appellant Morgan Stanley Dean Witter Credit Corporation (hereinafter Morgan Stanley), as servicer for Norwest, cross-moved, inter alia, for summary judgment on the affirmative defense of equitable subrogation insofar as asserted by Norwest. By order dated September 26, 2005, the Supreme Court denied the cross motion. Subsequently, Morgan Stanley moved for leave to renew and reargue that branch of its prior cross motion which was for summary judgment on the affirmative defense of equitable subrogation. By order dated November 22, 2005, the Supreme Court denied the motion for leave to renew and reargue.

To the extent that this appeal is from so much of the order dated November 22, 2005 as denied that branch of Morgan Stanley's motion which was for leave to reargue, no appeal lies from an order denying reargument (see *Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432, 433 [2005]). However, under the circumstances here, the Supreme Court should have granted that branch of the motion which was for leave to renew.

"While it is generally true that a motion to renew must be based on newly-discovered facts, courts have discretion to grant this relief in the interest of justice, although not all the requirements for renewal are met" (*Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726, 726-727 [1997]; see *J.D. Structures v Waldbaum*, 282 AD2d 434, 436 [2001]; *Sorto v South Nassau Community Hosp.*, 273 AD2d 373, 373-374 [2000]; *Goyzueta v Urban Health Plan*, 256 AD2d 307 [1998]; *Liberty Mut. Ins. Co. v Allstate Ins. Co.*, 237 AD2d 260, 262 [1997]). Under the circumstances of this case, that branch of Morgan Stanley's motion which was for leave to renew should have been granted and upon renewal, that branch of its prior cross motion which was for summary judgment on the affirmative defense of equitable subrogation also should have been granted.

The doctrine of equitable subrogation applies "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds" (*King v Pelkofski*, 20 NY2d 326, 333-334 [1967]). "In order to avoid the unjust enrichment

of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (*id.*; *see Roth v Porush*, 281 AD2d 612, 614 [2001]; *Pawling Sav. Bank v Hunt Props.*, 225 AD2d 678, 680 [1996]).

Here, based on extensive documentary proof demonstrating that Mui drew a $76,892.80 check from the Norwest mortgage loan and advanced that check to satisfy the senior-most mortgage, and that Norwest did not have notice of the yet-to-be recorded Bank One mortgage, Morgan Stanley established Norwest's entitlement to be equitably subrogated in the amount of $76,892.80 over Bank One. However, since Norwest did have notice of the Provident mortgage, it cannot recover these funds before Provident recovers the balance on its mortgage loan (*see R.C.P.S. Assoc. v Karam Devs.*, 238 AD2d 492, 493 [1997]; *Pawling Sav. Bank v Hunt Props.*, *supra*).

Consequently, in regard to the priority of the respective mortgages, equity requires that first, Bank One receives the amount drawn from its mortgage loan to satisfy the mortgage senior to the Provident mortgage; second, Provident receives the balance on its mortgage loan; third, Norwest receives the amount drawn from its mortgage to satisfy the senior-most mortgage; fourth, Bank One receives the balance on its mortgage loan; and fifth, Norwest receives the balance on its mortgage loan. The final figures, owed to the respective mortgages including interest and costs as set forth in the respective mortgage instruments, will be ascertained and computed by an appointed referee, along with the question of how the subject property should be sold.

The remaining contentions of Bank One and Provident are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.