■ MICHAEL QUIGLEY, Respondent, v COCO'S WATER CAFÉ, INC., Defendant, and NICHOLAS AIELLO, Appellant. [842 NYS2d 545]—

In an action to recover damages for personal injuries, the defendant Nicholas Aiello appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 10, 2006, as, in effect, held in abeyance that branch of his motion which was to vacate a judgment of the same court entered July 27, 2005, which, upon his default in answering, is in favor of the plaintiff and against him in the principal sum of $175,000, until after a determination of his motion pursuant to Criminal Procedure Law article 440 to vacate an underlying judgment of the District Court, Suffolk County, rendered March 19, 1999, convicting him of assault in the third degree, and (2) an order of the same court dated December 7, 2006, which, in effect, denied his motion for leave to renew and reargue that branch of his prior motion which was to vacate the judgment entered July 27, 2005.

Ordered that the appeal from the order dated August 10, 2006 is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated December 7, 2006 as denied that branch of the appellant's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 7, 2006 is reversed insofar as reviewed, on the law and in the exercise of discretion, with costs, the branch of the appellant's motion which was for leave to renew is granted, and upon renewal, the motion to vacate the judgment entered July 27, 2005 is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new assessment of damages, to be made after an inquest held upon notice to the appellant.

The order dated August 10, 2006 did not decide the branch of the motion of the defendant Nicholas Aiello which was to vacate the judgment entered against him upon his default in answering. Accordingly, no appeal lies as of right from that portion of the order (*see* CPLR 5701 [a] [2] [v]; *Acunto v Stewart Ave. Gardens, LLC,* 26 AD3d 305 [2006]; *Rosen v Swarzman,* 296 AD2d 392 [2002]; *Avis Rent-A-Car Sys. v Edmin Realty Corp.,* 209 AD2d 656 [1994]; *Matter of Fritsch v Westchester County Dept. of Transp.,* 170 AD2d 602 [1991]).

However, upon the appeal from so much of the order dated December 7, 2006, as denied that branch of the appellant's motion which was for leave to renew his prior motion to vacate the judgment entered upon his default, under the circumstances of this case we deem it appropriate to exercise our discretion and grant that branch of the motion (*see Halle v Fernandez,* 286 AD2d 662 [2001]; *see also Bank One v Mon Leang Mui,* 38 AD3d 809 [2007]; *Goyzueta v Urban Health Plan,* 256 AD2d 307 [1998]; *Strong v Brookhaven Mem. Hosp. Med. Ctr.,* 240 AD2d 726 [1997]). "It has long been held that courts have inherent power beyond that which is contained in the CPLR . . . to open defaults . . . and where the amount awarded on a default judgment has been perceived as excessive the courts have exercised their inherent power to modify or reduce the amount" (*Cervino v Konsker,* 91 AD2d 249, 253 [1983]; *see Bajwa v Saida, Inc.,* 6 AD3d 471 [2004]; *Westchester Med. Ctr. v Clarendon Ins. Co.,* 304 AD2d 753 [2003]). Indeed, "[a]n unwarranted and excessive award after inquest will not be sustained, as to do otherwise 'would be tantamount to granting the plaintiffs an "open season" at the expense of a defaulting defendant' " (*Neuman v Greenblatt,* 260 AD2d 616, 617 [1999], quoting *Brosnan v Behette,* 186 AD2d 165, 167 [1992]; *see Bajwa v Saida, Inc.,* 6 AD3d at 471). Since the additional evidence presented by the appellant in support of that branch of his motion which was for leave to renew raised an issue as to whether the damages awarded to the plaintiff after the inquest were excessive, the judgment entered upon his default should have been vacated. Accordingly, we remit the matter to the Supreme Court, Suffolk

County, for a new assessment of damages (*see Halle v Fernandez,* 286 AD2d 662 [2001], *supra*).

Motion by the respondent on appeals from two orders of the Supreme Court, Suffolk County, dated August 10, 2006 and December 7, 2006, respectively. By decision and order on motion of this Court dated May 23, 2007, that branch of the motion which was to dismiss the appeal from the order dated December 7, 2006, on the ground that no appeal lies from an order denying reargument, was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to dismiss the appeal from the order dated December 7, 2006, on the ground that no appeal lies from an order denying reargument, is denied as academic in light of our determination of the appeal. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.