◼ HAL ZOREF et al., Respondents, v ANDREA GLASSMAN, Appellant, et al., Defendants. [843 NYS2d 834]—In an action to foreclose a mortgage, the defendant Andrea Glassman appeals from an order of the Supreme Court, Nassau County (Ayres, J.), dated November 18, 2005, which, in effect, held the plaintiffs' motion for summary judgment on the complaint and the cross motion of the defendants Andrea Glassman and Ruth Selby, inter alia, for summary judgment dismissing the complaint in abeyance and directed a judicial hearing to aid in the disposition of the motion and cross motion.

Ordered that the appeal is dismissed, with costs.

An order directing a hearing to aid in the determination of a motion and cross motion does not dispose of the motion or cross motion and does not affect a substantial right, and therefore is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *see also Kornblum v Kornblum,* 34 AD3d 749, 751 [2006]; *D'Agnese v Spinelli,* 308 AD2d 561, 562 [2003]; *Rosen v Swarzman,* 296 AD2d 392, 393 [2002]). Any party aggrieved by an order entered subsequent to the hearing may take an appeal (*see Davidson-Sakuma v Sakuma,* 280 AD2d 577, 577-578 [2001]). Since leave to appeal has not been granted, we dismiss the appeal.

The Supreme Court's finding that the mortgage servicing agent received funding for the total amount of the loan prior to the mortgage closing is a finding of fact which is not independently appealable (*see Clark v Weiner,* 254 AD2d 322 [1998]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.