■ COUNTRYWIDE HOME LOANS INC., Respondent, v MICHAEL DOMBEK, Respondent, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant, et al., Defendants. RBC MORTGAGE COMPANY, Nonparty Appellant. [892 NYS2d 465]—

On July 28, 2005 the defendant Michael Dombek gave a mortgage to the plaintiff, which was secured by certain real property. The mortgage was recorded on August 25, 2005, which was nine days after Dombek gave another mortgage secured by the same real property to the defendant Mortgage Electronic Registration Systems, Inc., as a nominee for the nonparty RBC Mortgage Company (hereinafter together the appellants), which mortgage was recorded on September 14, 2005. The proceeds of the appellants' mortgage were used to satisfy a prior and more senior purchase-money mortgage given by Dombek First National Bank of Arizona in 2004, which mortgage the plaintiff also held by virtue of an assignment.

In this foreclosure action commenced by the plaintiff after Dombek defaulted under the July 2005 mortgage, the appellants contend that the doctrine of equitable subrogation applies so that their lien is to be given priority over the plaintiff's lien (*see Bank One v Mon Leang Mui,* 38 AD3d 809 [2007], citing *King v Pelkofski,* 20 NY2d 326 [1967]). Given the existence of triable issues of fact as to whether the appellants were on notice of the July 2005 mortgage at the time they executed their mortgage, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the affirmative defense of equitable subrogation asserted in the answer (*see King v Pelkofski,* 20 NY2d 326 [1967]; *Roth v Porush,* 281 AD2d 612 [2001]; *cf. LaSalle Bank Natl. Assn. v Ally,* 39 AD3d 597 [2007]). Skelos, J.P., Eng, Austin and Roman, JJ., concur. 