LESTER & ASSOCIATES, P.C., Appellant, v JAY ENEMAN, Respondent. [893 NYS2d 611]—

The plaintiff is a law firm, and commenced this action to recover damages for breach of contract, specifically certain legal fees it claims that the defendant failed to pay it pursuant to an agreement. After the defendant interposed an answer and the parties engaged in discovery, the defendant moved pursuant to CPLR 3025 (b) for leave to serve an amended answer with counterclaims. In an affidavit, the defendant claimed that, during discovery, he learned that an employee of the plaintiff law firm, with whom he had communicated frequently and with whom he claimed to have discussed substantive legal issues, and who allegedly discussed substantive legal issues with opposing counsel and with the court, was not, contrary to the defendant's prior understanding, an attorney. The defendant sought to incorporate these allegations into an existing affirmative defense, and to add additional counterclaims. Over the plaintiff's opposition, the Supreme Court granted the defendant's motion. In arriving at its determination, the Supreme Court specifically found, inter alia, "that the services performed by [the nonattorney employee] constituted the practice of law" and that an attorney at the plaintiff law firm "improperly delegated his professional responsibility" to that employee.

The plaintiff expressly declines to appeal from so much of the order as granted the defendant's motion pursuant to CPLR 3025 (b) for leave to serve an amended answer with counterclaims. Rather, the plaintiff purports to appeal only from the Supreme Court's findings of fact and conclusions of law, as described above. Thus, the appeal must be dismissed, as findings of fact and conclusions of law are not separately appealable (*see Soehngen v Soehngen*, 58 AD3d 829, 830 [2009]; *Higgins v Higgins*, 50 AD3d 852, 852 [2008]; *Cosh v Cosh*, 45 AD3d 798, 799 [2007]; *Griggs v Griggs*, 44 AD3d 710, 711 [2007]; *ELRAC, Inc. v Belessis*, 303 AD2d 445, 446 [2003]; *Napolitano v Kaddoch*, 275 AD2d 445 [2000]; *Naar v Litwak & Co.*, 260 AD2d 613, 614 [1999]; *Clark v Weiner*, 254 AD2d 322 [1998]; *Booska v Booska*, 246 AD2d 567, 567 [1998]; *Matter of County of Westchester v O'Neill*, 191 AD2d 556, 556 [1993]; *Benedetto v O'Grady*, 10 AD2d 628 [1960]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.