■ JOSEPH E. VERDERBER et al., Appellants, v COMMANDER ENTERPRISES CENTEREACH, LLC, et al., Respondents. [924 NYS2d 824]—In an action for declaratory relief and to recover damages for breach of fiduciary duty and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Washawsky, J.) entered October 20, 2009, as, upon granting their motion to dismiss a counterclaim asserted by the defendant Commander Enterprises Centereach, LLC, and denying the defendants' cross motion to compel arbitration and for a preliminary injunction, found that an

operating agreement dated October 1, 2000, governed the defendant Commander Enterprises Centereach, LLC, and its members.

Ordered that the appeal is dismissed, with costs.

The order from which the plaintiffs appeal granted their motion to dismiss a counterclaim asserted by the defendants and denied the defendants' cross motion to compel arbitration and for a preliminary injunction. On appeal, the plaintiffs seek review of the Supreme Court's factual determination, made in the context of denying the defendants' cross motion, that an operating agreement dated October 1, 2000, governed the defendant Commander Enterprises Centereach, LLC, and its members. We dismiss the appeal because findings of fact which do not grant or deny relief are not independently appealable (*see Zoref v Glassman*, 44 AD3d 1036 [2007]; *Davidson-Sakuma v Sakuma*, 280 AD2d 577, 578 [2001]; *Meachum v Outdoor World Corp.*, 273 AD2d 208, 209 [2000]; *Clark v Weiner*, 254 AD2d 322 [1998]; *Matter of County of Westchester v O'Neill*, 191 AD2d 556 [1993]). Covello, J.P., Eng, Hall and Roman, JJ., concur.