THEODORE GRANATA, JR., as Executor of CONCETTA RUSSO CARRIERO, Deceased, et al., Plaintiffs, v CITY OF WHITE PLAINS, Appellant, and MILLS CORPORATION, Respondent, et al., Defendants. [931 NYS2d 387]—

The plaintiffs commenced this action, inter alia, to recover damages for negligence and wrongful death after their decedent was attacked and killed in the parking garage attached to the White Plains Galleria Mall (hereinafter the Mall). The defendant Mills Corporation (hereinafter Mills), the alleged owner of the Mall, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Mills asserted that it did not secure, construct, operate, or maintain the parking garage and that it was not responsible for providing security within it.

The Supreme Court granted that branch of Mills' motion which was for summary judgment dismissing the complaint insofar as asserted it. In arriving at its determination, the Supreme Court found, inter alia, that the defendant City of White Plains (hereinafter the City), as the owner of the garage, had a duty to provide security there.

On this appeal, the City does not seek, nor could it seek, to overturn that part of the Supreme Court's order which granted Mills' requested relief (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]). Rather, it challenges only the Supreme Court's finding that the City had a duty to provide security at the garage. Inasmuch as findings of fact and conclusions of law are not separately appealable, the appeal must be dismissed (*see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *Matter of Kneip v McWilliams*, 71 AD3d 895 [2010]; *Matter of Noelia T.*, 70 AD3d 957 [2010]; *Lester & Assoc., P.C. v Eneman*, 69 AD3d 906, 907 [2010]; *Valee v Macina*, 280 AD2d 598 [2001]; *Naar v Litwak & Co.*, 260 AD2d 613 [1999]; *Matter of County of Westchester v O'Neill*, 191 AD2d 556, 556-557 [1993]). Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.