■ In the Matter of RIVEN FLAMENBAUM, Deceased. VORDERA-SIATISCHES MUSEUM, Appellant-Respondent; HANNAH K. FLAMEN-BAUM, Respondent-Appellant; ISRAEL FLAMENBAUM, Objectant-Respondent. [945 NYS2d 183]—

In a probate proceeding in which Hannah K. Flamenbaum, as executor of the estate of Riven Flamenbaum, petitioned to judicially settle her final account of the estate, the Vorderasiatisches Museum appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated March 30, 2010, which, after a hearing, denied its claim for the return of certain personal property in the possession of the estate of Riven Flamenbaum as barred by the doctrine of laches, and Hannah K. Flamenbaum, as executor of the estate of Riven Flamenbaum, cross-

appeals, as limited by her brief, from so much of the same order as determined that the Vorderasiatisches Museum had met its prima facie burden of proving legal title or a superior right of possession to the subject property.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is reversed, on the law, with costs, the claim of the Vorderasiatisches Museum for the return of certain personal property in the possession of the estate of Riven Flamenbaum is granted, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings including the entry of a decree, inter alia, directing Hannah K. Flamenbaum, as executor of the estate of Riven Flamenbaum, to turn over the subject property to the Vorderasiatisches Museum.

The Vorderasiatisches Museum (hereinafter the museum) seeks to recover from the estate of Riven Flamenbaum (hereinafter the estate) a small inscribed gold tablet (hereinafter the tablet) excavated prior to World War I by a German team of archaeologists from the foundation of the Ishtar Temple, around the city of Ashtur, in what is now northern Iraq and was then part of the Ottoman Empire. The tablet, which describes the construction of the Ishtar Temple, dates to the reign of King Tukulti-Ninurta I of Assyria (1243-1207 BCE).

After the excavations ended in 1914, the tablet and other artifacts were transported to Basra, Iraq, and loaded on a freighter bound for Germany. With the outbreak of World War I, the freighter was forced to stop in Lisbon, Portugal, where the items were stored until 1926. The tablet eventually arrived in Germany in 1926 and ultimately was put on display in the museum from 1934 until the outbreak of World War II in 1939, when it was inventoried and placed in storage. The tablet was discovered to be missing from the museum's inventory sometime around the end of the war in 1945.

In 2003, Riven Flamenbaum died in possession of the tablet. Neither his will nor the accounting filed by the executor of his estate made specific mention of the tablet. During the instant accounting proceeding, Riven Flamenbaum's son, Israel Flamenbaum, filed objections to the accounting and informed the museum of the possession of the tablet by the estate, which was the first time since 1945 the museum had direct knowledge of the tablet's whereabouts. Shortly thereafter, the museum filed a notice of appearance and claim with the Surrogate's Court seeking to recover the tablet. After a hearing, the Surrogate's Court found that the museum established its prima facie burden of proving legal title or a superior right of posses-

sion to the tablet, but that its claim was barred by the doctrine of laches. The museum appeals and Hannah K. Flamenbaum, as executor of the estate of Riven Flamenbaum, cross-appeals.

For the executor to establish, on behalf of the estate, an affirmative defense on the basis of the doctrine of laches, she must demonstrate that the museum failed to exercise reasonable diligence to locate the tablet and that such failure prejudiced the estate (*see Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 321 [1991]). The executor did not establish that the museum failed to exercise reasonable diligence to locate the tablet (*id.; cf. Bakalar v Vavra*, 619 F3d 136, 147 [2010]). The executor's contention that the museum failed to exercise reasonable diligence by not reporting the tablet stolen to law enforcement authorities or listing it on an international stolen art registry is not, under the circumstances of this case, dispositive. The executor's argument that, had the museum taken such steps, the tablet would have surfaced earlier, is mere conjecture and, moreover, is not supported by expert or other evidence.

In any event, the executor also did not demonstrate that the museum's failure to report the tablet as missing to authorities or list it on a stolen art registry prejudiced the estate in its ability to defend against the museum's claim (*see generally Bakalar v Vavra*, 619 F3d at 140-141; *Kunstsammlungen Zu Weimar v Elicofon*, 678 F2d 1150, 1164 [1982]; *cf. Matter of Peters v Sotheby's Inc.*, 34 AD3d 29, 38 [2006]; *Wertheimer v Cirker's Hayes Stor. Warehouse*, 300 AD2d 117 [2002]). Further, there is no proof that the estate changed its position to its detriment because of the delay (*see Rivers v Rivers*, 35 AD3d 426, 428 [2006]). Moreover, the equities favor the return of the tablet to the museum over its retention by the estate. Accordingly, the Surrogate's Court should have granted the museum's claim against the estate for the return of the gold tablet and directed the executor, on behalf of the estate, to return the tablet to the museum. We therefore remit the matter to the Surrogate's Court, Nassau County, for further proceedings including the entry of a decree, inter alia, directing the executor to turn over the subject property to the museum.

The executor's cross appeal on behalf of the estate must be dismissed, as the executor challenges only the Surrogate Court's findings of fact and conclusions of law that the museum met its prima facie burden of proving legal title or a superior right of possession to the subject gold tablet in the possession of the estate, which are not independently appealable (*see Ramirez v City of New York*, 90 AD3d 1009 [2011]; *Granata v City of White*

*Plains*, 88 AD3d 948, 949 [2011]; *Verderber v Commander Enters. Centereach, LLC*, 85 AD3d 770 [2011]; *Matter of Noelia T.*, 70 AD3d 957 [2010]; *Lester & Assoc., P.C. v Eneman*, 69 AD3d 906 [2010]; *Zoref v Glassman*, 44 AD3d 1036 [2007]; *Clark v Weiner*, 254 AD2d 322 [1998]). To the extent that, in light of our determination on the appeal, the executor's argument made on the cross appeal could be viewed as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), such argument is without merit as the museum established that it had legal title and a superior right of possession to the tablet (*see generally Solomon R. Guggenheim Found. v Lubell*, 153 AD2d 143, 153 [1990], *affd* 77 NY2d 311 [1991]).

The executor's remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.