■ US BANK NATIONAL ASSOCIATION, Respondent, v MARIE CANGE, Appellant, et al., Defendants. [947 NYS2d 522]—

In an action to foreclose a mortgage, the defendant Marie Cange appeals (1) from an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 20, 2011, which, upon her motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing, directed that a hearing be conducted on that issue, and (2) from an order of the same court entered December 22, 2011, which, after a hearing, denied her motion.

Ordered that the appeal from the order dated September 20, 2011, is dismissed; and it is further,

Ordered that the order entered December 22, 2011, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In July 2011, the plaintiff commenced this action to foreclose a mortgage. The defendant Marie Cange (hereinafter the appellant) moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action. The Supreme Court, in an order dated September 20, 2011, directed that a hearing be conducted on the issue of standing. The hearing was held on December 14, 2011, at which time a Default Resolution Specialist employed by the plaintiff testified, inter alia, that the plaintiff came into possession of the subject original note from the original mortgagee in December 2002. The original note was produced and admitted into evidence without objection. In addition, a computer printout which indicated the loan number, the appellant's name, and the acquisition date of December 11, 2002, was admitted into evidence without objection. In the order entered December 22, 2011, the Supreme Court denied the appellant's motion to dismiss the complaint insofar as asserted against her. She now appeals from both orders.

The appeal from the order dated September 20, 2011, must be dismissed, as it was superseded by the order entered December 22, 2011. In any event, "[a]n order directing a hearing to aid in the determination of a motion does not dispose of the motion and does not affect a substantial right, and therefore is not appealable as of right" (*Kornblum v Kornblum*, 34 AD3d 749, 751 [2006]; *see* CPLR 5701 [a] [2] [v]; *Iodice v City of White Plains*, 60 AD3d 730 [2009]) and leave to appeal from the order dated September 20, 2011, was not granted.

In the order entered December 22, 2011, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing. "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "As a general matter, once a promissory note is tendered and accepted by an assignee, the mortgage passes as an incident to the note" (*id.* at 280). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation' " (*HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012], quot-

ing *U.S. Bank, N.A. v Collymore,* 68 AD3d 752, 754 [2009]; *see U.S. Bank N.A. v Dellarmo,* 94 AD3d 746 [2012]; *US Bank N.A. v Madero,* 80 AD3d 751, 752 [2011]).

Here, the uncontroverted evidence at the hearing established that the original note was delivered to the plaintiff in December 2002, and that it was in possession of it at the time the action was commenced in July 2011, as well as on the date of the hearing. As such, the mortgage passed to the plaintiff in December 2002 as an incident to the note. Therefore, the appellant failed to demonstrate that she was entitled to dismissal of the complaint insofar a asserted against her on the ground that the plaintiff lacked standing.

The appellant's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.