In an action, inter alia, to recover damages for breach of an employment agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 24, 2010, as granted that branch of their motion which was to discharge or cancel an appeal bond filed by them on January 22, 2009, denied that branch of their motion which was to discharge or cancel an appeal bond filed by them on May 23, 2007, and determined that the plaintiff is entitled to enforce an interlocutory judgment of the same court entered January 16, 2009, on consent of the parties, that awarded the plaintiff an attorney’s fee.
Ordered that the appeal is dismissed, with costs.
The defendants are not aggrieved by so much of the order appealed from as granted that branch of their motion which was to discharge or cancel an appeal bond filed by them on January 22, 2009 (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]). Moreover, the appeal from so much of the order as denied that branch of the defendants’ motion which was to discharge or cancel an appeal bond filed by them on May 23, 2007, has been rendered academic, since the initial judgment that the bond was meant to secure has been superseded by an amended judgment entered August 10, 2011. Further, findings of fact and conclusions of law which do not grant or deny relief are not independently appealable (see Matter of Flamenbaum, 95 AD3d 1318, 1320 [2d Dept 2012]; Ramirez v City of New York, 90 AD3d 1009, 1009 [2011]; Verderber v Commander Enters. Centereach, LLC, 85 AD3d 770, 771 [2011]). Thus, no appeal lies from so much of the order as determined that the plaintiff is entitled to enforce an interlocutory judgment, entered on the consent of the parties, that awarded him an attorney’s fee. The mere fact that the order appealed from contains language which *802 the defendants deem adverse to their interests does not render them aggrieved by that order (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]; Mixon v TBV, Inc., 76 AD3d at 148-149). In any event, the award of the attorney’s fee pursuant to the interlocutory judgment was incorporated into the amended judgment entered August 10, 2011, which we are affirming in a companion appeal (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 799 [2012] [decided herewith]).
Accordingly, the appeal from the order must be dismissed. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur. [Prior Case History: 2010 NY Slip Op 32679(U).]