■ LONG ISLAND CITY SAVINGS & LOAN ASSOCIATION, Respondent, v. PETER A. SKOW, Appellant, et al., Defendant.—In an action to foreclose a mort-

gage on real property and for other relief, defendant Peter A. Skow appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County, entered June 30, 1964, in plaintiff's favor, after a nonjury trial upon stipulated facts. Judgment reversed, on the law and the facts, with costs, and action remanded for entry of an appropriate judgment in accordance with the views expressed herewith. The findings of fact contained or implicit in the decision of the court below which may be inconsistent herewith are reversed and new findings are made as indicated herein. In 1952, defendant Peter A. Skow borrowed $3,500 from the Richmond Hill Savings Bank (hereafter called the Bank), giving in exchange his bond and a mortgage upon his marital residence, title to which was held by him alone. The bond and mortgage provided for monthly payments of $27.68 for 15 years. In 1955, a male posing as Skow induced plaintiff to lend $5,000 in exchange for a bond and mortgage forged by the impostor in Skow's name. The bond and mortgage provided for monthly payments of $39.54. At the closing, plaintiff satisfied the 1952 bond and mortgage by paying $2,988.76 to the Bank, which sum was deducted from the $5,000 loan. In 1962, plaintiff commenced an action to foreclose the 1955 mortgage and to be subrogated to the rights of the Bank under the 1952 mortgage. By stipulations, the case was submitted to the trial court on agreed facts and Skow's pretrial deposition. The court held Skow liable upon both bonds and mortgages, upon the grounds (a) that plaintiff was entitled to be subrogated to the position of the Bank under the 1952 bond and mortgage and (b) that Skow was estopped by his negligence to question the forged 1955 bond and mortgage or, alternatively, that he had ratified the 1955 transaction. The stipulated facts, as well as facts which may be inferred as more probable than any others which may be inferred under the circumstances (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3222.11), present the following picture: Skow did not know of the 1955 forged bond and mortgage until 1962 when, upon discovering the forgery, he separated from his wife, defendant Evelyn Skow. During the period from 1952 to 1962 he had believed that weekly sums given by him to her, to whom he had been happily married since 1939 and to whom he had entrusted his earnings for the payment of all expenses, were used in part for the payment of his 1952 debt to the Bank. She made 79 payments to plaintiff in the total sum of $3,223.66 under the 1955 forged bond and mortgage; and, though it was not stipulated and it is not inferrable that she signed the forged bond, nevertheless it is evident that she had knowledge of its existence. Plaintiff acted in good faith in taking the forged 1955 bond and mortgage. Skow did not examine his fire insurance policies, income tax returns and receipted tax bills, which, during the period from 1957 to 1962, disclosed plaintiff's claimed status as mortgagee. In our opinion, plaintiff is entitled to be subrogated to the position of the Bank under the 1952 bond and mortgage. In satisfying that bond at the closing of the 1955 forged bond and mortgage, plaintiff acted under statutory compulsion and, thus, was not a volunteer (Banking Law, § 380, subd. 4, par. [a]). Though plaintiff accepted an impostor as Skow, it would be plainly unjust to confer a windfall upon Skow to deny subrogation to plaintiff. In short, Skow cannot convert the victimization of plaintiff into a magical gift for himself (cf. *Thrift* v. *Michaelis,* 259 N. Y. 302; *Whitestone Sav. & Loan Assn.* v. *Moring,* 286 App. Div. 1042; *King* v. *Pelkofski,* 24 A D 2d 1003). However, in our opinion, Skow is not liable under the 1955 forged bond and mortgage even if we hypothetically assume that he was negilgent in the handling of his personal affairs. Estoppel by negligence cannot be invoked by plaintiff, since it could not have been misled in that transaction by Skow's subsequent

negligence (see *National Sur. Co.* v. *President & Directors of Manhattan Co.,* 252 N. Y. 247, 256). Moreover, the principles of the law of agency do not assist plaintiff because no facts are before us from which it may be inferred that Skow intended that the 1955 forgery be ratified. Nor is it reasonable to impute the knowledge of Mrs. Skow, as an agent, to her husband for the purpose of making out a ratification through her monthly payments, for then it would have to be said that principals necessarily ratify all unauthorized conduct (Seavey, Law of Agency, § 36; see, 2 N. Y. Jur., Agency § 164–167). We therefore conclude that the sums paid by Mrs. Skow under the void 1955 bond and mortgage are allocable in diminution of Mr. Skow's liability to plaintiff as equitable assignee of the 1952 bond and mortgage. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.