■ WILLIAM R. ELWOOD III, Respondent, v RHONDA L. HOFFMAN, Defendant, and HSBC USA, N.A., Appellant. [876 NYS2d 538]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered July 21, 2008 in Otsego County, which, among other things, granted plaintiff's cross motion to strike defendant Rhonda L. Hoffman's answer, and (2) from an order of said court, entered July 21, 2008 in Otsego County, which, among other things, granted plaintiff's cross motion to dismiss the proposed counterclaim and cross claim of defendant HSBC USA, N.A.

Plaintiff and defendant Rhonda L. Hoffman (hereinafter defendant) lived together from 1988 until 2006. In 1995, they purchased a vacant piece of property in the Town of Oneonta, Otsego County. Because plaintiff was still legally married at the time of the purchase, title to the property was taken in defendant's name alone. Following the finalization of plaintiff's divorce, the property was to be conveyed to the parties jointly. This, however, never occurred. Plaintiff and defendant constructed a home upon the property which was financed with a $45,000 line of credit from KeyBank N.A., secured by a mortgage on the subject property. Both plaintiff and defendant were responsible for repayment of the line of credit under the loan agreement.

In April 2006, plaintiff and defendant's relationship ended and plaintiff vacated the premises. Thereafter, he commenced this action seeking to impose a constructive trust on the property for the purpose of selling it and dividing the proceeds. In connection therewith, plaintiff filed a notice of pendency against the property in May 2006. Notwithstanding the notice of pendency, defendant obtained a $85,000 loan from Delta Funding in October 2006, secured by a mortgage on the subject property. A portion of the loan proceeds was used to satisfy the KeyBank mortgage. Defendant HSBC USA, N.A. subsequently acquired the note and mortgage from Delta.

Thereafter, HSBC moved to intervene in the instant action and included in its proposed answer a counterclaim and cross claim seeking equitable subrogation with respect to the

KeyBank mortgage that it had satisfied. Plaintiff cross-moved to, among other things, dismiss HSBC's proposed counterclaim and cross claim and to strike defendant's answer. As defendant did not contest plaintiff's request for a constructive trust, Supreme Court struck defendant's answer, granted judgment in favor of plaintiff and directed that an inquest be conducted to determine the parties' interests in the subject property (order No. 1). In a separate order entered the same day, the court further granted HSBC's motion to intervene, but only to the extent of allowing it to participate in the inquest, and dismissed its proposed counterclaim and cross claim premised upon equitable subrogation (order No. 2). HSBC appeals.

HSBC argues that it is entitled to invoke the doctrine of equitable subrogation as a counterclaim to plaintiff's action and that Supreme Court should have permitted it to intervene for this purpose. Under the circumstances presented, we agree. The Court of Appeals has stated the doctrine as follows: "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967], quoting Restatement of Restitution § 162). It has been applied in situations, like the case at bar, where "the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his [or hers] but junior to the one satisfied with his [or her] funds" (*King v Pelkofski*, 20 NY2d at 333-334; *see United States v Baran*, 996 F2d 25, 28 [1993]).

Here, HSBC's predecessor in interest, Delta, provided funds through a second mortgage on the subject property to pay off a first mortgage securing a loan that both plaintiff and defendant were obligated to pay. Although plaintiff's notice of pendency had been filed at the time the second mortgage was given, it was apparently overlooked by Delta's title agent. Thus, while Delta had constructive notice of the recorded notice of pendency, it did not have actual notice of the same. Based upon the Court of Appeals' decision in *King v Pelkofski* (20 NY2d at 333-334), the presence of constructive notice does not render the doctrine of equitable subrogation inapplicable where, as here, the notice of pendency, was "unbeknown" to Delta at the time (*see United States v Baran*, 996 F2d at 28). We decline to follow those cases holding otherwise inasmuch as they depart from the Court of Appeals' decision in *King v Pelkofski* (*supra*; *see e.g. Bank One v*

*Mon Leang Mui*, 38 AD3d 809 [2007]; *Roth v Porush*, 281 AD2d 612 [2001]; *R.C.P.S. Assoc. v Karam Devs.*, 238 AD2d 492 [1997]).

Notably, plaintiff would be unjustly enriched if the doctrine of equitable subrogation were not applied in the case at hand. Plaintiff was personally obligated on the first mortgage loan to KeyBank which was completely satisfied by the subsequent mortgage loan provided by Delta and assigned to HSBC. Denying HSBC equitable subrogation would provide a windfall to plaintiff by allowing him to have his original mortgage debt extinguished while at the same time maintain a right to the subject property that is superior to the mortgagee that furnished the funds that extinguished the first mortgage. Accordingly, given that HSBC's counterclaim and cross claim for equitable subrogation have merit, Supreme Court erroneously dismissed them. In view of this, Supreme Court should not have limited HSBC's intervention to participation in the inquest, but should have permitted it to serve its answer and defend the action (*see e.g. Capital Resources Co. v Prewitt*, 266 AD2d 176 [1999]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that order No. 1 entered July 21, 2008 is affirmed, without costs. Ordered that order No. 2 entered July 21, 2008 is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiff's cross motion dismissing the proposed counterclaim and cross claim of defendant HSBC USA, N.A. and as partially denied the motion to intervene; cross motion denied to said extent and motion to intervene granted in its entirety; and, as so modified, affirmed.