(May 23, 2012)

■ ARBOR COMMERCIAL MORTGAGE, LLC, Respondent, v ASSOCIATES AT THE PALM, LLC, et al., Defendants, and BANK OF SMITHTOWN, Appellant. [945 NYS2d 694]—

In an action to foreclose a mortgage, the defendant Bank of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), entered April 21, 2010, as, upon a decision of the same court dated March 10, 2010, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against it, and denied its cross motion for leave to serve an amended answer asserting a counterclaim seeking lien priority pursuant to the doctrine of equitable subrogation or, alternatively, to direct the marshaling of assets.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Bank of Smithtown is denied, that branch of the cross motion of the defendant Bank of Smithtown which was for leave to serve an amended answer asserting a counterclaim seeking lien priority pursuant to the doctrine of equitable subrogation is granted, and the cross motion is otherwise denied as academic.

On December 13, 2007, the Bank of Smithtown (hereinafter the Bank) loaned the defendant ST NY LLC the sum of $8,000,000 to purchase a large parcel of real property in Orange County (hereinafter the Orange County property). Prior to closing, the Bank obtained a title report which disclosed that the Orange County property was encumbered by three mortgages. The three mortgages disclosed by the title report secured loans totaling $2,350,000. According to the title report, the most senior of the three mortgages was recorded on February 20, 2004, the second was recorded on December 6, 2004, and the third was recorded on June 2, 2006. The Bank alleges that all three disclosed mortgages were satisfied with $2,350,000 of the proceeds from its loan. However, the Bank asserts that its title report failed to reveal the existence of an additional mortgage which encumbers a portion of the Orange County property, as well as a second parcel of real property situated in Rockland County (hereinafter the Rockland County property). This allegedly undisclosed mortgage, which is now held by the plaintiff Arbor Commercial Mortgage, LLC, was given to secure a $1,000,000 loan to the defendants Associates at the Palm, LLC, Beattie R. Associates, LLC, and Sloatsburg Post Development, LLC (hereinafter collectively the mortgagor defendants). The plaintiff's mortgage was recorded in the office of the Clerk of the County of Orange on March 6, 2006, approximately 19 months prior to the closing on the Bank's loan.

When the mortgagor defendants defaulted on their payment obligations, the plaintiff commenced this action, seeking to foreclose on the portion of the Orange County property which secured its loan, as well as on the Rockland County property, alleging, inter alia, that its lien on the Orange County property was senior to the Bank's lien. In its answer, the Bank denied that its mortgage was subordinate to the plaintiff's mortgage, and claimed that it held the first mortgage on the portion of the Orange County property encumbered by the plaintiff's mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the Bank, alleging that its mortgage was senior to the Bank's mortgage because it was recorded first. The Bank cross-moved for leave to serve an amended answer asserting a counterclaim seeking lien priority pursuant to the doctrine of equitable subrogation or, alternatively, to direct the marshaling of assets so as to require the plaintiff to satisfy its lien by first foreclosing upon the Rockland County property. The Supreme Court granted the plaintiff's motion and denied the Bank's cross motion, concluding that the Bank could not invoke the doctrine of equitable subrogation because it had constructive knowledge of the plaintiff's recorded lien, and that the Bank's proposed amendment of its answer was, therefore, palpably without merit. We reverse.

The doctrine of equitable subrogation applies in New York "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (*King v Pelkofski*, 20 NY2d 326, 333-334 [1967]). The doctrine operates to "erase[ ] the lender's mistake in failing to discover intervening liens, and grants him the benefit of having obtained an assignment of the senior lien that he caused to be discharged" (*United States v Baran*, 996 F2d 25, 29 [1993]). In this manner, equitable subrogation "preserves the proper priorities by keeping the first mortgage first and the second mortgage second" (*Bank of Am., N.A. v Prestance Corp.*, 160 Wash 2d 560, 565, 160 P3d 17, 20 [2007]), and prevents "a junior lienor from converting the mistake of the lender 'into a magical gift for himself'" (*United States v Baran*, 996 F2d at 29, quoting *Long Is. City Sav. & Loan Assn. v Skow*, 25 AD2d 880, 881 [1966]).

Although the Supreme Court concluded that equitable

subrogation was unavailable to the Bank because of its constructive knowledge of the plaintiff's prior recorded mortgage, in *King v Pelkofski* (20 NY2d 326 [1967]), the Court of Appeals extended the benefit of the doctrine to the plaintiff mortgagee despite her constructive knowledge of a prior recorded inter vivos trust agreement. The rule that actual notice of an intervening interest bars application of the doctrine of equitable subrogation, but that constructive notice does not, has also been adopted by the majority of States which have considered this issue (*see e.g. Hicks v Londre*, 107 P3d 1009, 1013 [Colo App 2004], *affd* 125 P3d 452 [Colo 2005]; *Bank of New York v Nally*, 820 NE2d 644, 655 [Ind 2005]; *Lamb Excavation, Inc. v Chase Manhattan Mtge. Corp.*, 208 Ariz 478, 484, 95 P3d 542, 548 [2004]; *Eastern Sav. Bank, FSB v Pappas*, 829 A2d 953, 957-958 [DC 2003]; *United Carolina Bank v Beesley*, 663 A2d 574, 576 [Me 1995]; *Dodge City of Spartanburg, Inc. v Jones*, 317 SC 491, 495, 454 SE2d 918, 920-921 [1995]). Accordingly, the Bank's constructive knowledge of the plaintiff's mortgage is not an absolute bar to application of the doctrine of equitable subrogation (*see King v Pelkofski*, 20 NY2d 326 [1967]; *Elwood v Hoffman*, 61 AD3d 1073 [2009]). Under the circumstances of this case, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the Bank, and granted that branch of the Bank's cross motion which was for leave to serve an amended answer asserting a counterclaim so as to seek lien priority pursuant to the doctrine of equitable subrogation. To the extent that our decisions in *Bank One v Mon Leang Mui* (38 AD3d 809 [2007]), *Roth v Porush* (281 AD2d 612 [2001]), and *R.C.P.S. Assoc. v Karam Devs.* (238 AD2d 492 [1997]) provide contrary authority, they should not be followed.

In light of our determination, the Bank's alternative contention has been rendered academic. Skelos, J.P., Eng, Belen and Lott, JJ., concur.