■ RTR Properties, LLC, Respondent, v Rene R. Sagastume et al., Defendants. Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3, Intervenor-Appellant. [43 NYS3d 402]—

In an action to foreclose a mortgage, the intervenor defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated April 3, 2014, as denied its motion for summary judgment on its counterclaims sounding in equitable subrogation and to declare that it has an equitable first mortgage on the subject property in the principal sum of $351,778.89, and granted the plaintiff's cross motion for summary judgment on the complaint and for an order of reference, (2) from an order of the same court also dated April 3, 2014, which, inter alia, appointed a referee, and (3) from a judgment of foreclosure and sale of the same court dated March 24, 2015, which, upon the orders, among other things, directed the sale of the subject property.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to foreclose its second mortgage on real property in Bay Shore. The intervenor defendant's predecessor, IMPAC Funding Corporation (hereinafter IMPAC), financed the defendant Lynette Lesley's purchase of the subject property, secured by a mortgage on the premises, which mortgage was later assigned to the intervenor defendant. At the time of the sale, there were recorded first and second mortgages on the property, which were known to IMPAC. The plaintiff held the second mortgage. The proceeds of IMPAC's loan were used to satisfy the first mortgage, but, despite IMPAC's allegedly contrary intention, the plaintiff's second mortgage was not paid and remained an outstanding lien on the premises, superior to the intervenor defendant's mortgage.

After the plaintiff commenced this action, the intervenor defendant was permitted to intervene. The intervenor defendant asserted, inter alia, a counterclaim, alleging that it was entitled to be equitably subrogated to the rights of the holder of the first mortgage and to an equitable first mortgage lien on the property. The intervenor defendant moved for summary judgment on that counterclaim, and the plaintiff cross-moved, among other things, for summary judgment on the complaint and for an order of reference. In an order dated April 3, 2014, the Supreme Court, inter alia, denied the intervenor defendant's motion and granted the plaintiff's cross motion. In a second order dated April 3, 2014, the court, among other things, appointed a referee. The court thereafter issued a judgment of foreclosure and sale, which, inter alia, directed the sale of the subject property.

"The doctrine of equitable subrogation applies in New York 'where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance' " (*Arbor Commercial Mtge., LLC v Associates at the Palm, LLC,* 95 AD3d 1147, 1149 [2012], quoting *King v Pelkofski,* 20 NY2d 326, 333-334 [1967]).

Here, the intervenor defendant failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim sounding in equitable subrogation. The plaintiff's second mortgage was not an "unknown lien[ ]" (*King v Pelkofski*, 20 NY2d at 334). Rather, IMPAC, the intervenor defendant's predecessor, had actual knowledge of the plaintiff's second mortgage on the subject premises, and simply failed to execute its alleged intention to satisfy it. Under those circumstances, the intervention of equity is unwarranted (*cf. id.* at 333-334; *Arbor Commercial Mtge., LLC*, 95 AD3d at 1149; *Countrywide Home Loans Inc. v Dombek*, 68 AD3d 1041, 1042 [2009]; *Pawling Sav. Bank v Hunt Props.*, 225 AD2d 678, 680 [1996]). Accordingly, the Supreme Court properly, inter alia, granted the plaintiff's cross motion for summary judgment on the complaint and directed the sale of the subject property pursuant to the judgment of foreclosure and sale. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.