In an action, inter alia, for specific performance of a contract to purchase real property, the defendant Jasse Capital, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated October 28, 2016, as denied, without prejudice to renew upon the completion of certain discovery, those branches of its motion which were, in effect, for summary judgment dismissing the first and sixth causes of action insofar as asserted against it and declaring that the deed conveying the subject property to it is valid.
 

 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
 

 On October 16, 2013, the plaintiff executed a contract for the purchase of real property from the defendant 118892 Bedford, LLC (hereinafter Bedford). The contract set forth that the closing was to occur on or about November 9, 2013. The closing did not occur. However, on or about November 25, 2013, a memorandum of sale was executed by the plaintiff and Bedford which provided that the “closing shall take place within 90 days of short sale approval.” This memorandum of sale was recorded in the Office of the City Register of the City of New York on December 18, 2013. It is undisputed that on January 28, 2015, JPMorgan Chase Bank, N.A., the primary mortgage lien holder, issued an approval of the short sale contemplated by the parties.
 

 On April 29, 2015, Bedford conveyed the subject property to the defendant Aviv Winkler, and, on the same day, Winkler conveyed the property to the defendant Jasse Capital, Ltd. (hereinafter Jasse). Subsequently, the plaintiff commenced this action, asserting, inter alia, causes of action against Jasse to quiet title, to enforce a vendee’s lien, and for a judgment declaring that the deed conveying the property to Jasse is null and void. Jasse moved, among other things, in effect, for summary judgment dismissing the first and sixth causes of action insofar as asserted against it and declaring that the deed conveying the property to it is valid. In support of the motion, Jasse contended that it was a bona fide purchaser for value. The Supreme Court denied those branches of Jasse’s motion, without prejudice to renew after the completion of depositions of Jasse’s shareholders. Jasse appeals.
 

 “The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such” (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [1997]; see T & V Constr, Inc. v Calapai, 90 AD3d 908, 908 [2011]; Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 665 [2010]).
 

 On this record, and particularly in light of the fact that discovery in this case was not completed, those branches of Jasse’s motion which were, in effect, for summary judgment dismissing the first and sixth causes of action insofar as asserted against it and declaring that the deed conveying the property to it is valid were properly denied, without prejudice to renew upon the completion of the depositions of Jasse’s shareholders. Essential facts regarding Jasse’s alleged status as a bona fide purchaser of the property may exist which are currently unavailable to the plaintiff (see CPLR 3212 [f]; Olmedo-Garcia v Dobson, 31 AD3d 727, 728 [2006]).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.