Green Tree Servicing, LLC v Feller (2018 NY Slip Op 01973)





Green Tree Servicing, LLC v Feller


2018 NY Slip Op 01973


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525109

[*1]GREEN TREE SERVICING, LLC, Appellant,
v
BRUCE FELLER et al., Defendants, and NANCY RUTH FELLER, Also Known as NANCY RUTH FERRY, Respondent.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Butler, Fitzgerald, Fiveson & McCarthy, New York City (David K. Fiveson of counsel), for appellant.
Shruti Joshi, Legal Aid Society of Northeastern New York, Albany, for respondent.




MEMORANDUM AND ORDER
Mulvey
, J.
Appeal from an order of the Supreme Court (Nichols, J.), entered January 26, 2017 in Columbia County, which denied plaintiff's motion for leave to amend its complaint.
In December 2005, defendant Nancy Ruth Feller (hereinafter defendant) and her husband, defendant Bruce Feller, executed a note in favor of Option One Mortgage Corporation that secured a mortgage against real property that they jointly owned. Less
than a year later, Feller alone executed a second mortgage on the same property in favor of Countrywide Bank. A portion of the proceeds from the Countrywide loan was used to satisfy the Option One mortgage. In December 2009, Countrywide commenced the instant foreclosure action against, among others, Feller and defendant, both of whom defaulted in answering the complaint. Following certain motion practice, an order was issued which, as relevant here,[FN1] granted Countrywide's motion for a judgment of foreclosure, but limited that judgment to the [*2]interest that Feller possessed in the premises. Thereafter, plaintiff moved for leave to file an amended complaint to add causes of action to quiet title, for a declaratory judgment and for equitable subrogation. Supreme Court denied the motion, finding that the causes of action set forth in the proposed amended complaint were palpably insufficient. Plaintiff appeals.
"The decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and[,] absent a clear abuse of that discretion, will not be lightly cast aside" (Cowsert v Macy's E., Inc., 74 AD3d 1444, 1444-1445 [2010] [internal quotation marks and citations omitted]; see Johnson v State of New York, 125 AD3d 1073, 1074-1075 [2015]). As we recently clarified, the party seeking leave to amend a pleading "need not establish the merits of the proposed amendment" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]). Rather, the appropriate standard to be applied on a motion for leave to amend a pleading is that, "'in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (id. [brackets omitted], quoting Lucido v Mancuso, 49 AD3d 220, 222 [2008]; accord Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
Applying these principles to the matter at hand, we discern no abuse of discretion in Supreme Court's decision to deny that portion of the motion seeking to add causes of action to quiet title and for a declaratory judgment. Such causes of action are grounded upon plaintiff's assertion that defendant ratified Feller's execution of the Countrywide mortgage through her acceptance of the benefits of the resulting loan to satisfy the Option One mortgage. Ratification, however, is the express or implied "adoption of the acts of another by one for whom the other assumes to be acting, but without authority" (Jayne v Talisman Energy USA, Inc., 84 AD3d 1581, 1583 [2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 710 [2011]; see 57 NY Jur, Estoppel, Ratification, and Waiver, § 94 [defining ratification as "the act of knowingly giving sanction or affirmance to an act that would otherwise be unauthorized"]; Lipman v Vebeliunas, 39 AD3d 488, 490 [2007]). In other words, "[a] ratification presupposes an unauthorized act on behalf of someone else, which that person later authorizes or ratifies" (Santaro v Jack of Hearts Carpet Co., Inc., 6 Misc 3d 1024[A], 2005 NY Slip Op 50170[U] [Sup Ct, Onondaga County 2005] [internal quotation marks and citation omitted], affd on op below 23 AD3d 1073 [2005]). Simply put, plaintiff has not alleged any unauthorized act on the part of Feller. It is undisputed that Feller and defendant held the property at issue as tenants by the entirety, and "there is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (V.R.W., Inc. v Klein, 68 NY2d 560, 565 [1986]; accord John T. Walsh Enters., LLC v Jordan, 152 AD3d 755, 757 [2017]; Rose v Levine, 107 AD3d 967, 970 [2013]). Nor has plaintiff alleged that Feller was acting, or purporting to act, on defendant's behalf in securing the Countrywide mortgage against the subject property (see generally Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997]). Under these circumstances, Supreme Court property found that the proposed causes of action to quiet title and for a declaratory judgment were patently devoid of merit.
We reach a different conclusion, however, as to plaintiff's proposed cause of action for equitable subrogation. Under the doctrine of equitable subrogation, "[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or [*3]lien-holder" (King v Pelkofski, 20 NY2d 326, 333 [1967] [internal quotation marks and citation omitted]). This principle has been applied to situations, like that present here, "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on [or interest in] the property exists which is senior to his [or her] but junior to the one satisfied with his [or her] funds" (id. at 333-334; see Arbor Commercial Mtge., LLC v Associates at the Palm, LLC, 95 AD3d 1147, 1149-1150 [2012]; Elwood v Hoffman, 61 AD3d 1073, 1075 [2009]). Equitable subrogation remains available even where the subrogee possesses constructive knowledge of the intervening interest, but actual notice of such interest bars application of the doctrine (see Arbor Commercial Mtge., LLC v Associates at the Palm, LLC, 95 AD3d at 1149-1150; Elwood v Hoffman, 61 AD3d at 1075).
Here, plaintiff's predecessor in interest, Countrywide, provided funds through a second mortgage on the subject property to pay off a first mortgage securing a loan that both defendant and Feller were obligated to pay. Defendant would therefore be unjustly enriched if the doctrine of equitable subrogation were not applied, as denial of this equitable remedy "would provide a windfall to [defendant] by allowing [her] to have [her] original mortgage debt extinguished while at the same time maintain a right to the subject property that is superior to the mortgagee that furnished the funds that extinguished the first mortgage" (Elwood v Hoffman, 61 AD3d at 1076; see King v Pelkofski, 20 NY2d at 334). Notably, the record does not reflect whether Countrywide had actual notice of defendant's interest in the subject property at the time the second mortgage was executed [FN2]. While defendant alleges in her affidavit in opposition to the motion that she verbally informed Countrywide of her interest in the property at the time of the closing,[FN3] "[t]he legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt" (MBIA Ins. Corp. v J.P. Morgan Sec., LLC, 144 AD3d 635, 639 [2016] [internal quotation marks and citation omitted]; accord Lucido v Mancuso, 49 AD3d at 227; see Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1593 [2016]). On this record, it cannot be said that such is the case here. "If [defendant] wishes to test the merits of the proposed added cause of action . . ., [she] [*4]may later move for summary judgment upon a proper showing" (Lucido v Mancuso, 49 AD3d at 229; accord NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102). As plaintiff's proposed equitable subrogation cause of action is neither palpably insufficient nor patently devoid of merit, and there has been no showing that the amendment would unfairly prejudice defendant, Supreme Court should have granted leave to amend the complaint to assert this cause of action (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102-103; Bynum v Camp Bisco, LLC, 155 AD3d at 1504).
Egan Jr., J.P., Clark and Rumsey, JJ., concur.




Lynch, J. (concurring in part and dissenting in part).


I agree with the majority decision except with respect to plaintiff's proposed cause of action for equitable subrogation. Defendant Nancy Ruth Feller was indisputably on the deed, and the mortgage includes the property's legal description, which in common practice is derived from the deed. This is not a reflection of constructive knowledge, but a recognition that plaintiff prepared the mortgage documents utilizing the deed description. As plaintiff had documented, actual notice of said defendant's ownership interest, it is my view that the proposed amendment was patently devoid of merit and the motion to amend was properly denied (see King v Pelkofski, 20 NY2d 326, 333-334 [1967]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]; Elwood v Hoffman, 61 AD3d 1073, 1075 [2009]).
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking leave to amend its complaint to assert a cause of action for equitable subrogation; motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Such order also granted Countrywide's request to substitute plaintiff, its successor in interest, as plaintiff in this action and amended the caption accordingly.

Footnote 2: The dissent correctly notes that defendant's name was on the deed to the property, but nothing in the record reflects — nor does defendant allege — that the deed was part of the mortgage documents executed by the parties or that Countrywide had otherwise reviewed the deed prior to the execution of the second mortgage. To the extent that the dissent implies that the recording of the deed put Countrywide on notice of defendant's interest in the subject property, we reiterate that constructive knowledge of the relevant interest is insufficient to defeat a claim for equitable subrogation (see supra). Further, the metes and bounds description of the property annexed to the mortgage documents plainly could not provide Countrywide with actual notice that defendant had an interest in the property.

Footnote 3: Plaintiff's failure to affirmatively controvert this allegation in its reply papers does not, as Supreme Court found, constitute an admission of such allegation (see Town of Angelica v Smith, 89 AD3d 1547, 1550 [2011]; cf. Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]; Bank of Am., N.A. v Brannon, 156 AD3d 1, 6-7 [2017]; compare CPLR 3018 [a]; DeSouza v Khan, 128 AD3d 756, 758 [2015]).