Nationstar Mtge. LLC v Adee (2019 NY Slip Op 03873)





Nationstar Mtge. LLC v Adee


2019 NY Slip Op 03873


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527518

[*1]NATIONSTAR MORTGAGE LLC, Doing Business as CHAMPION MORTGAGE COMPANY, Appellant,
v
BRIAN S. ADEE et al., as Trustees of the Gerald F. and Marjorie C. Adee Trust, Respondents, et al., Defendants.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Goldberg Segalla LLP, Buffalo (Marc W. Brown of counsel) and Gross Polowy, LLC, Williamsville (Laura Strauss of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Robert R. Jones of counsel), for respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Cawley Jr., J.), entered March 14, 2018 in Broome County, which, among other things, granted certain defendants' cross motion for summary judgment dismissing the complaint against them.
Marjorie C. Adee (hereinafter Adee), along with her husband, owned real property in the Town of Vestal, Broome County. They created the Gerald F. and Marjorie C. Adee Trust (hereinafter the trust) and their children, defendants Brian S. Adee, Barbara L. Torrey and Kathy Anne Drumm (hereinafter collectively referred to as defendants) were named trustees. In 1995, the subject property was conveyed to the trust via a quitclaim deed with a life estate reserved for Adee and her husband. After her husband died, Adee, in 2003, entered into a loan agreement with M & T Bank for a home equity line of credit in the amount of $55,000. Under the loan agreement, Adee and the trust gave M & T Bank a mortgage secured by the subject property (hereinafter the HELOC mortgage). The HELOC mortgage was recorded in the Broome County Clerk's office in July 2003.
In October 2007, Adee applied for a reverse mortgage with Bank of America, N.A. Adee was immediately approved and executed a note and reverse mortgage in the amount of $255,900 in favor of Bank of America. According to the reverse mortgage, Adee gave the subject property as security. In conjunction with this reverse mortgage, Adee also completed a US Department of Housing and Urban Development Addendum to the Uniform Residential Loan Application, as well as a settlement statement, which stated, among other things, that the HELOC mortgage was paid by Bank of America. The satisfaction of the HELOC mortgage was recorded in November 2007.
In 2012, Bank of America assigned the reverse mortgage to plaintiff. In 2015, Adee died. In 2017, plaintiff commenced this foreclosure action against defendants, as trustees of the trust, among others, after the requisite payments due were not made following Adee's death. Following joinder of issue, plaintiff moved for summary judgment and dismissal of defendants' affirmative defenses. Defendants cross-moved for summary judgment dismissing the complaint on the basis that the trust did not execute the reverse mortgage. In a March 2018 order, Supreme Court denied plaintiff's motion and granted defendants' cross motion. Plaintiff appeals. We affirm.
In support of their cross motion for summary judgment, defendants submitted, among other things, a copy of the quitclaim deed reflecting that Adee and her husband conveyed the subject property to the trust in 1995 and that they reserved for themselves a life estate interest. Defendants therefore demonstrated that the trust, and not Adee, was the sole owner of the subject property when Adee applied for the reverse mortgage in 2007. Critically, Adee, at most, only had a life estate interest in the subject property when she entered into the reverse mortgage and such interest was extinguished upon her death in 2015. Based on the foregoing, defendants satisfied their burden of establishing that plaintiff was not entitled to foreclose on the subject property.
With the burden shifted, it was incumbent upon plaintiff to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]; Bouchard v Champlain Enters., 279 AD2d 935, 937 [2001]). In our view, plaintiff failed to do so. Plaintiff asserts that because defendants served as a power of attorney for Adee and because two of them were listed on the reverse mortgage application as alternative contacts, they were aware of the reverse mortgage. However, even if we agreed with plaintiff that defendants knew about the reverse mortgage, such knowledge does not raise an issue of fact as to Adee's possessory interest in the property. Nor do we agree with plaintiff's claim that the reference on the settlement statement indicating a payment for the recording of a deed raises an issue of fact as to whether Adee was a fee owner of the subject property at the time she applied for the reverse mortgage.
Plaintiff also relies on the doctrine of equitable subrogation. This doctrine applies in situations "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on or interest in the property exists which is senior to his or her but junior to the one satisfied with his or her funds" (Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1248 [2018] [internal quotation marks, brackets and citation omitted]; see Matter of Benedictine Hosp. v Glessing, 90 AD3d 1383, 1386 [2011]). If the subrogee had actual notice of the intervening interest, equitable subrogation is inapplicable (see Green Tree Servicing, LLC v Feller, 159 AD3d at 1248). Given that the quitclaim deed reflecting Adee's interest in the subject property was validly recorded and the documentary evidence establishes that plaintiff's predecessor had actual notice of it, plaintiff cannot rely on the doctrine of equitable estoppel (see RTR Props., LLC v Sagastume, 145 AD3d 697, 699 [2016]; compare Elwood v Hoffman, 61 AD3d 1073, 1075-1076 [2009]).
Finally, to the extent that plaintiff contends that it should have an equitable mortgage on the subject property or that defendants ratified the reverse mortgage, such claims are improperly raised for the first time on appeal (see MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 985 [2017]). Plaintiff's remaining contentions are either without merit or academic.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.