US Bank N.A. v Juliano (2020 NY Slip Op 03138)





US Bank N.A. v Juliano


2020 NY Slip Op 03138


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-04752
 (Index No. 7598/11)

[*1]US Bank National Association, etc., appellant,
v
John Juliano, etc., et al., defendants, Peter Dinicola, etc., et al., respondents.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau and Law Office of Keith S. Garret, P.C. [Bruce N. Roberts], of counsel), for appellant.
Elias N. Sakalis, Riverdale, NY, for respondent Peter Dinicola.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Bruce J. Bergman and James E. Durso of counsel), for respondent People's United Bank.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 19, 2017. The order, insofar as appealed from, granted the motion of the defendant People's United Bank for summary judgment dismissing the complaint insofar as asserted against it, denied that branch of the motion of the plaintiff's predecessor in interest which was for summary judgment on the complaint insofar as asserted against the defendant People's United Bank, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Peter Dinicola and John Juliano, as temporary administrator for the estate of Justine DeNicola, as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Peter Dinicola and John Juliano, as temporary administrator for the estate of Justine DeNicola, as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant People's United Bank for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that motion, without prejudice to renew upon the completion of discovery, and (2) by deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendant John Juliano, as temporary administrator for the estate of Justine DeNicola, as abandoned pursuant to CPLR 3215(c); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 1993, the defendant Peter Dinicola, also known as Peter DeNicola (hereinafter Peter), obtained title to real property known as 1695 Chablis Path, Lot 7, in Southold. On August 18, 2003, Peter borrowed the sum of $324,000 from Greenpoint Mortgage Funding, Inc. (hereinafter [*2]Greenpoint), and the loan was secured by a mortgage encumbering the subject property. On September 8, 2004, Peter conveyed the subject property to Justine DeNicola (hereinafter Justine). On August 11, 2005, Peter and Justine borrowed the sum of $500,000 from Washington Mutual Bank, FA (hereinafter WaMu). The loan was secured by a mortgage that correctly described the subject property's address as "1695 Chablis Path," but erroneously described the subject property as "Lot 8" (instead of Lot 7). At the closing on the WaMu loan, the loan proceeds were used to satisfy the Greenpoint loan. The WaMu mortgage was recorded by the Suffolk County Clerk against Lot 8.
On October 29, 2008, Justine opened a home equity line of credit with Bank of Smithtown. The line of credit was secured by a mortgage against the subject property, which was correctly recorded against Lot 7 on November 13, 2008. The defendant People's United Bank (hereinafter People's United) is the successor in interest to Bank of Smithtown. On September 25, 2009, a corrected WaMu mortgage was filed with the Suffolk County Clerk, correctly describing the subject property, in relevant part, as "Lot Number 7."
On March 8, 2011, the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), as successor in interest to the WaMu note and mortgage, commenced this action to foreclose the WaMu mortgage. People's United answered and asserted as an affirmative defense that its mortgage was senior to the WaMu mortgage. Peter filed a pro se notice of appearance dated March 12, 2011. Justine died during the pendency of the action, and a temporary administrator was substituted in her place. On January 17, 2014, the temporary administrator filed an answer to the complaint. On July 8, 2014, JPMorgan assigned its interest in the WAMU note and mortgage to the plaintiff, US Bank National Association.
On July 5, 2016, People's United moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that its correctly recorded mortgage was senior to the WaMu mortgage. On September 16, 2016, JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against People's United and for leave to enter a default judgment against the other defendants. JPMorgan argued that it was entitled to summary judgment on the complaint insofar as asserted against People's United pursuant to a theory of equitable subrogation or, in the alternative, that People's United's motion was premature, as that defendant had not responded to certain discovery requests by JPMorgan relevant to the issue of whether People's United had notice of the WaMu mortgage at the time that People's United's mortgage was recorded. Accordingly, JPMorgan requested that the matter be set down for a preliminary conference. On November 30, 2016, Peter cross-moved, inter alia, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him.
In the order appealed from, the Supreme Court, inter alia, granted People's United's motion for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of JPMorgan's motion which was for summary judgment on the complaint insofar as asserted against People's United. The court granted that branch of JPMorgan's motion which was to amend the caption to substitute US Bank National Association as the plaintiff. Further, the court, sua sponte, directed dismissal of the complaint insofar as asserted against Justine's estate and Peter as abandoned pursuant to CPLR 3215(c) and denied Peter's cross motion as academic.
Under the doctrine of equitable subrogation, "[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (King v Pelkofski, 20 NY2d 326, 333 [internal quotation marks omitted]). "This principle has been applied to situations . . . where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds" (id. at 333-334). "In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (id. at 334).
Here, JPMorgan failed to establish, prima facie, that the WaMu mortgage should be equitably subrograted to the rights of the People's United mortgage, as the People's United mortgage was not yet in existence at the time the funds from the WaMu loan were purportedly used to extinguish the Greenpoint mortgage. Since the People's United mortgage was not an "intervening lien" between the Greenpoint mortgage and the WaMu mortgage, the doctrine of equitable subrogation has no applicability (cf. Filan v Dellaria, 144 AD3d 967, 972). Accordingly, that branch of JPMorgan's motion which was for summary judgment on the complaint insofar as asserted against People's United pursuant to a theory of equitable subrogration was properly denied, regardless of the sufficiency of People's United's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to People's United's motion for summary judgment dismissing the complaint insofar as asserted against it, JPMorgan established that facts essential to establish that People's United was on notice of the WaMu mortgage at the time that Justine entered into the home equity line of credit may exist, but are currently unavailable. Accordingly, People's United's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied, without prejudice to renew upon the completion of discovery (see CPLR 3212[f]; UD 1635, LLC v Winkler, 156 AD3d 742, 743).
The Supreme Court should not have, sua sponte, directed dismissal of the complaint insofar as asserted against Justine's estate as abandoned pursuant to CPLR 3215(c). CPLR 3215(c) is not applicable to Justine's estate under the circumstances of this case, as it appeared in the action by answer (see Bank of Am., N.A. v Rice, 155 AD3d 593, 594). However, we agree with the Supreme Court's determination to direct dismissal of the complaint insofar as asserted against Peter as abandoned pursuant to CPLR 3215(c). Although Peter filed a notice of appearance, he was nevertheless in default in answering the complaint. The plaintiff failed to take proceedings against Peter within one year after his default and failed to establish sufficient cause for such failure (see CPLR 3215[c]; Chase Home Fin., LLC v Fernandez, 175 AD3d 1381, 1382).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court