U.S. Bank N.A. v Cadoo (2021 NY Slip Op 04677)





U.S. Bank N.A. v Cadoo


2021 NY Slip Op 04677


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10171
 (Index No. 507655/14)

[*1]U.S. Bank National Association, respondent,
v
Donmackimber Cadoo, etc., et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Christopher Villanti of counsel), for appellants.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Donmackimber Cadoo and David Cohen appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 15, 2017. The order granted the plaintiff's motion to vacate an order of the same court (Lawrence Knipel, J.) dated October 13, 2016, conditionally dismissing the action, and to restore the action to the calendar.
ORDERED that the order dated August 15, 2017, is affirmed, with costs.
This mortgage foreclosure action was commenced on August 20, 2014. The affidavits of service reflect that the defendant Donmackimber Cadoo was served with the summons and complaint pursuant to CPLR 308(2) in September 2014, and again by personal delivery outside of the state in December 2014. In August 2015, the plaintiff, having been unable to locate and serve the defendant David Cohen, made an ex parte application to permit service upon Cohen by publication, and to file and serve a supplemental summons and amended complaint, adding Cohen's unknown successors and/or heirs as defendants in the action, which the Supreme Court granted in an order dated October 19, 2015. Service of the supplemental summons upon Cohen and/or his unknown successors or heirs was effectuated by publication in two local papers on several dates from
January 12, 2016, through February 2, 2016. On October 17, 2016, the guardian ad litem and military attorney appointed to represent Cohen's interests filed his report with the court, as well as an answer on Cohen's behalf and a waiver of notice of application for an order of reference. Several days prior to the filing of the guardian ad litem's report, the court issued an order dated October 13, 2016 (hereinafter the conditional order of dismissal), which found "that issue has not been joined and the plaintiff has failed to proceed to entry of judgment within one year of default," and directed that "the instant complaint is dismissed as abandoned unless plaintiff proceeds to entry of judgment within 90 days hereof." The action was marked dismissed on February 10, 2017, without further order of the court.
The plaintiff moved to vacate the conditional order of dismissal and to restore the action to the calendar. Cadoo and Cohen (hereinafter together the defendants) opposed the motion. In an order dated August 15, 2017, the Supreme Court granted the plaintiff's motion. The defendants appeal.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed."
Here, at the time the action was dismissed, less than a year had transpired since Cohen's default. The order granting leave to serve Cohen by publication directed, inter alia, that service was to be made "in accordance with Rule 316 of the Civil Practice Law and Rules," which provides that service by publication is complete 28 days after the first date of publication (see CPLR 316[c]). Since the record reflects that service by publication upon Cohen was not complete until February 9, 2016, a full year had not transpired since Cohen's default in the action, either at the time the conditional order of dismissal was issued on October 13, 2016, or at the time the action was marked dismissed on February 10, 2017.
As the record does not demonstrate that the plaintiff failed to take timely proceedings for a default judgment against Cohen within the meaning of CPLR 3215(c), the statutory conditions for the dismissal of the complaint insofar as asserted against Cohen were not met, and the Supreme Court erred in directing dismissal of the entire action (cf. US Bank N.A. v Juliano, 184 AD3d 597, 599). Contrary to the defendants' contention, the plaintiff was not required to demonstrate a reasonable excuse for its noncompliance with the conditional order of dismissal or for its purported delay in moving to vacate that order (cf. U.S. Bank N.A. v Spence, 175 AD3d 1346, 1348; U.S. Bank N.A. v Ricketts, 153 AD3d 1298).
Accordingly, the Supreme Court properly granted the plaintiff's motion to vacate the conditional order of dismissal and to restore the action to the calendar.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court