Matter of Kissous v Futerman (2023 NY Slip Op 03499)

Matter of Kissous v Futerman

2023 NY Slip Op 03499

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-00524
 (Index No. 85196/17)

[*1]In the Matter of Albert Kissous, petitioner- respondent, 
v
Elka Futerman, et al., respondents, Mr. Cooper, etc., appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.
Crawford & DeSantis, LLP, Staten Island, NY (Allyn J. Crawford and Joseph DiMitrov of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy a money judgment, the appeal is from an order of the Supreme Court, Richmond County (Annette M. Scarano, Ct. Atty. Ref.), dated November 22, 2019. The order directed that the lien of Nationstar Mortgage, LLC, incorrectly named herein as Mr. Cooper, is subordinate to that of the petitioner with respect to the proceeds of the sale of the real property at issue.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
No appeal lies as of right from an order which did not decide a motion made upon notice (see CPLR 5701[a][2]). Thus, to address the merits of the issue presented here, we deem the notice of appeal to be an application for leave to appeal and we grant such leave (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 16).
In October 2017, the petitioner commenced this proceeding pursuant to CPLR 5206(e) to compel the sale of real property (hereinafter the premises) owned by Elka Futerman and her husband, who is now deceased (hereinafter together the Futermans), to satisfy a judgment in the sum of $87,130.94 entered against them which was recorded in the office of the Richmond County Clerk on March 23, 2007 (hereinafter the March 2007 judgment lien). The March 2007 judgment lien was extended and renewed in March 2017. In opposition, Nationstar Mortgage, LLC, incorrectly named herein as Mr. Cooper (hereinafter Nationstar), contended, inter alia, that it had a superior lien against the premises pursuant to the doctrine of equitable subrogation. According to Nationstar, in April 2009, the Futermans obtained a $675,000 loan from Nationstar's predecessor in interest, which was secured by a mortgage on the premises (hereinafter the Nationstar mortgage). At the time, the loan funds were used to satisfy a first priority lien on the premises, but the premises remained encumbered by the March 2007 judgment lien. The Nationstar mortgage was not recorded until December 2014.
In an order dated August 10, 2018, the Supreme Court, inter alia, granted the petition, directed the sale of the premises, and referred Nationstar's claim to a court attorney referee. Thereafter, in an order dated March 26, 2019, the court assigned a court attorney referee (hereinafter the referee) to hear and report/determine whether the Nationstar mortgage was entitled to priority over the March 2007 judgment lien pursuant to the doctrine of equitable subrogation. The petitioner and Nationstar agreed that the referee would hear and determine the matter. In lieu of a hearing, the petitioner and Nationstar agreed to submit memoranda of law. In an order dated November 22, 2019, the referee determined that Nationstar failed to establish that the Nationstar mortgage was superior to the March 2007 judgment lien pursuant to the equitable subrogation doctrine, and directed that the Nationstar mortgage is subordinate to the March 2007 judgment lien.
"[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (HSBC Bank USA, N.A. v Parker, 180 AD3d 1026, 1029 [internal quotation marks omitted]). "Under the doctrine of equitable subrogation [w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder" (US Bank, N.A. v Juliano, 184 AD3d 597, 599 [internal quotation marks omitted]; see Filan v Dellaria, 144 AD3d 967, 972). "The doctrine operates to 'erase[ ] the lender's mistake in failing to discover intervening liens, and grants him the benefit of having obtained an assignment of the senior lien that he caused to be discharged'" (Arbor Commercial Mtge., LLC v Associates at the Palm, 95 AD3d 1147, 1149 quoting United States v Baran, 996 F2d 25, 29 [2d Cir]). Although constructive notice of a prior mortgage lien alone does not automatically bar application of the doctrine, actual notice does (see RTR Props., LLC v Sagastume, 145 AD3d 697, 699; Arbor Commercial Mtge., LLC v Associates at the Palm, 95 AD3d at 1150). The party invoking the doctrine has the burden of establishing that it lacked actual notice of the prior mortgage lien (see Sudit v Labin, 148 AD3d 1073, 1076).
Here, since Nationstar failed to show that its predecessor in interest lacked actual knowledge of the March 2007 judgment lien in 2009 when the predecessor in interest provided funds to the Furtermans which were used to satisfy a then-existing first priority lien, the referee did not err in determining that Nationstar failed to establish the applicability of the doctrine of equitable subrogation (see RTR Props., LLC v Sagastume, 145 AD3d at 699).
Accordingly, Nationstar failed to establish its entitlement to equitable subrogation (see US Bank N.A. v Juliano, 184 AD3d at 599; Filan v Dellaria, 144 AD3d at 973).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court